### THE STATE *v.* BENJAMIN F. LINTON.

The penalty imposed by the eighteenth section of the act of 7th June, 1806, on the owner or occupier of a plantation, for keeping slaves thereon, without a white or free colored person as manager or overseer, can only be recovered by civil action before an ordinary tribunal. The action must be brought before a Justice of the Peace, a Parish, or District Court, according to the number and amount of the fines claimed. Where the act which imposes a fine prescribes that it shall be recovered by a civil action, the officers of the State cannot, by instituting a suit in the form of an indictment, deprive the party of the right of appeal to the Supreme Court.

INDICTMENT stated that Benjamin F. Linton, was the owner of

a plantation in the parish of St. Landry, on which he had kept a certain number, to wit, ten slaves, since the 1st of January, 1841, till that time, (November, 1841,) without having any white or free colored person as manager or overseer of such slaves, contrary to the form of the statute, &c. Plea, not guilty. The evidence established the allegations of the indictment; and the District Court of St. Landry, *King*, J., gave judgment against the defendant for fifty dollars, and the costs of the prosecution.

MARTIN, J. The defendant is appellant from a judgment on an indictment under the 18th section of the act of the 7th of June, 1806, (1 Moreau's Dig. 118,) which provides that, "no person occupying, or being owner of a plantation, shall be permitted to keep such* slaves on his plantation, without having a white, or free colored man as manager or overseer, under the penalty of fifty dollars for every month elapsed without complying with the provisions of this section."

We have not been favored with any of the grounds, upon which the hope of redress at our hands is entertained. We have not discovered any, except in the 21st section of the act, which declares that all the fines in the act " which have not been appropriated or the recovery of which has not been regulated, shall, if they do not exceed twenty-five dollars, be enforced, levied, and seized upon, by warrant of a justice of the peace of the county where the said offence shall have been committed, and provided the said fine exceeds the sum of twenty-five dollars, the said fine shall be recovered before a competent tribunal." The penalty prescribed by the 18th section is not appropriated or regulated by any other part of the act. We assume that the words *penalty* and *fines*, in these two sections are, used synonymously. It, therefore, follows, that the legislature has declared its intention that the recovery should not be had by a prosecution on an indictment, but by a suit or ordinary action before a competent tribunal. That is to say, before a Justice of the Peace, a Parish Court, or a District Court, which are respectively competent tribunals, according to the amount or number of the fines claimed; a prosecution by indictment

---

* *Id est, any*, the act providing for the punishment of offences committed by any slaves.

being clearly excluded, as there is but a single tribunal in the parish in which a grand jury is empanelled. The claim of the State ought, therefore, to have been enforced by a civil suit. As this court has jurisdiction of all civil suits, the officers of the State have no right, by instituting a civil suit in the form of an indictment, to deprive a citizen of the resort to this court, to which he would be entitled if the suit were brought in the mode prescribed by the act which denounces the fines.

The proceedings were clearly erroneous. It is, therefore, ordered that the judgment be annulled, reserving to the State her rights, according to the mode pointed out by law.

*T. H. Lewis*, District Attorney, for the State.

*Linton, pro se.*