THE STATE *v.* GEORGE WHITE and CLARENCE WARD.

The defendants were indicted for inflicting inhuman and cruel treatment on a slave, the property of one of them—*Held:* That the sections of the Act of the Legislature of 1806, called the Black Code, under which the indictment was framed, are not repealed by the Act of 1855 relative to crimes and offences, nor by the Act of 1857 relative to slaves.

The terms conviction and offence used in the Act, imply a prosecution by information or indictment, and not a proceeding by suit to recover a fine.

The appellate court has no power to reverse the judgment of the lower court on the ground, that the jury disregarded the instructions of the Judge.

APPEAL from the District Court of the Parish of St. Martin, *Voorhies,* J. *P. D. Hardy,* for plaintiff. *DeBlanc & Fusilier,* for defendants and appellants.

MERRICK, C. J. This is an indictment under the sixteenth and seventeenth sections of the *section* forty-one of the Act of 1806, called the Black Code. *Bullard & Curry,* p. 61. A fine of $400 was imposed upon the defendant, *White,* and he appeals.

The indictment was found on the 6th of May, 1857, and charges the offence on the 27th day of November of the same year (1857).

No bill of exception having been taken to the admission of the declarations of *Ward,* in evidence or the charge of the Judge in reference to them, we are without power to reverse the judgment of the lower court on that account, although the jury may have disregarded such instructions. The District Judge had the power, and it was his duty to grant a new trial, if he thought the verdict of the jury was against the law and the evidence.

The defendant did not object to the indictment before the jurors were sworn, and as time was not of the essence of the offence, we must presume that an offence committed before the finding of the indictment and not barred by the statute of limitations, was proven. Act 1855, p. 175, sec. 17 and 18.

We are of the opinion that the offence charged in the indictment, was not repealed by the Act of 1855 relative to crimes and offences, (Acts 1855, p. 131,) nor by the Act relative to slaves of 1857, p. 229. No section in either of those Acts treats of the subject-matter of the sections No. 16 and 17 of sec. 41 of the Act of 1806, nor are they in conflict with the same. Neither are we prepared to say, with reference to these two statutes, that the Legislature intended us to look elsewhere for the subject-matter of them, than in the body of the Acts themselves.

We know no law which requires the prosecution under these sections of the Act of 1806 to be conducted as a civil suit. On the contrary, we think that the terms, conviction and offence, used in them, imply a prosecution by information or indictment. Moreover, the first offence specified in section 16, viz, the offence of killing the slave of another, could be prosecuted in no other manner. Const. 1852, Art. 103. The case of the *State* v. *Linton,* 3 Rob. 55, is not in conflict with these views.

Judgment affirmed.