## CIRE ET AL. *vs.* RIGHTOR.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the affidavit of certain of the jurors in the case, was offered in support of a motion for a new trial, stating they were mistaken, and thought the verdict was for the plaintiff, instead of the defendant : *Held*, that the practice of permitting such affidavits ought not to be tolerated.

The sale of a front lot does not carry with it the alluvion in its front, provided, that at the time of sale, the batture was formed of sufficient height and magnitude to be susceptible of private ownership ; and this is a fact proper for the finding of a jury.

This is a petitory action. The plaintiffs allege that they are the owners of a lot of ground in the town of Donaldson-ville, fronting on the Mississippi river, which was sold by William Conway, now deceased, in 1812 ; that since said sale a considerable and valuable batture has arisen in front of said lot, which is the rightful property of the petitioners, which they are entitled to by right of accretion ; there being no batture at the time of the sale by Conway. They further show, that one Abraham F. Rightor has intermarried with one of the heirs of Conway, who claims the batture in question on behalf of said heirs. The petitioners pray to be declared the true owners by right of accretion.

EASTERN DIST.
*May*, 1837.

CIRE ET AL.
*vs.*
RIGHTOR.

The defendant and other heirs of Conway pleaded a general denial, and justified their right to the possession and ownership of the premises in contest.

Upon these pleadings and issues the cause was submitted to a jury, upon the testimony adduced by the parties.

The jury returned a verdict for the defendant.

The plaintiffs filed an affidavit of two of the jurors, stating that they were mistaken in their verdict, that when they rendered it, they were under the impression it granted the land to the plaintiffs, etc.

They then moved for a new trial, on the following grounds, viz :

*First*, The jury did not understand the verdict they rendered in the case. The record shows the jurors were polled at the instance of the defendant, and answered separately " *verdict for Rightor.*"

*Second*, The verdict is contrary to the evidence.

The motion for a new trial was overruled, and from judgment rendered therein, the plaintiffs appealed.

The case was submitted *exparte*, by *Thos. Slidell*, for the appellee.

*Bullard, J.*, delivered the opinion of the court.

This is a petitory action, in which the plaintiffs assert title to a piece of alluvion or batture near the town of Donaldsonville, which they allege has formed in front of a lot, purchased by those from whom they acquired title, from Conway, in 1812. They allege that at the time the lot was sold by Conway, no batture existed susceptible of ownership, in front of the lot.

The heirs of Conway who are made parties, after excepting to the jurisdiction of the District Court, answered by a general denial. There was a verdict and judgment for the defendant, and the plaintiffs, after an unsuccessful effort to obtain a new trial, appealed.

The court very properly disregarded an affidavit produced in support of the motion for a new trial, by two of the jurors, who swore that they were fully convinced that the heirs of Conway had no right to the lot in dispute, and they thought

Where the affidavit of certain of the jurors in the case was offered in support of a motion for a new trial, stating they were mistaken, and thought the verdict was for the plaintiff, instead of the defendant: *Held*, that the practice permitting such affidavits ought not to be tolerated.

EASTERN DIST. the verdict they rendered was in favor of the plaintiffs.   The
May, 1837.    practice of permitting such affidavits on the part of jurors
SMITH ET AL.  ought not to be tolerated.
vs.
MISS. MAR. AND     On the merits, this case is strongly analogous to that of
FIRE INS. CO.  Cochran et al. vs. Fort et al., and turns upon a question of
The sale of a  fact, to wit : whether if 1812, a batture had been formed of
front lot does
not carry with it  sufficient height and magnitude to be susceptible of private
the alluvion in
its front, provi-  ownership.    7 Martin, N. S., 622.
ded, that at the
time of sale the     The jury to whom this question was submitted, decided in
batture     was  favor of the defendant, and negatived the allegation in the
formed of suffi-
cient height and  petition, that at the time of the sale from Conway, no batture
magnitude to be  existed in front of the lot in question.    The evidence on this
susceptible   of
private  owner-  point is before us, and after a careful examination of it, we
ship, and this is
a fact proper for  are unable to pronounce that the verdict was erroneous.
the finding of a
jury.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.