<div style="float:right">
3 435<br>
Case 1<br>
114 78<br>
3 v 435<br>
Case 2<br>
119 409.
</div>

On an information against a party for the violation of the statute against gaming by playing at a particular game, an ordinance of a municipal corporation authorizing the game, and receipts of its treasurer for the price of a license to exhibit the game during the time when the alleged breach of the statute occurred, are inadmissible. But the ordinance, though no such legal justification or excuse as authorized its admission to the jury as evidence, might be received by the judge after verdict, in mitigation of damages.

Jurors cannot be heard as witnesses to impeach their own verdicts. The court must derive its knowledge of the misconduct of the jury, from some other source than the jurors themselves.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. *R. Hunt*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant was convicted of a violation of the "Act to prevent Gambling," approved the 19th of March, 1835 (Acts p. 134); and from a judgment condemning her to pay a fine of $2,500, has appealed.

The grounds of complaint in the court below, are presented in two bills of exception. The first was taken to the refusal of the judge to permit the defendant to introduce in evidence the ordinances of the Third Municipality, authorizing the game of bagatelle to be played, and the receipts given by the treasurer of the Municipality to the defendant, for a license to keep that game during the time within which the alleged breach of the statute occurred. The judge did not, in our opinion, err, in rejecting this evidence. The ordinances, if such exist, being in violation of the statute, are nugatory, and cannot avail the accused as a means of defence. She can . neither plead ignorance of the prohibitory statute, nor protect herself from the consequences of an infraction of it by the authority of an inferior legislative body, wholly incompetent to give such authority. Although the ordinances furnished no such legal justification or excuse as authorized their introduction before the jury as evidence, the judge could, in the exercise of his discretion, have received and considered them, after verdict, in mitigation of the sentence.

The second bill of exceptions was taken to the refusal of the judge, on a motion for a new trial, to permit two of the jurors who tried the cause to be sworn to prove that they were overawed by abuse and threats from other jurors, and forced to render a verdict contrary to their judgment. The evidence was properly excluded. Jurors cannot be heard as witnesses to impeach their own verdicts. The practice is well settled that, the court must derive its knowledge of the misconduct of the jury, from some other source than the jurors themselves. 11 La. 141. *Judgment affirmed.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## Swagar et al v. Pierce et al.

An attachment will not lie in an action for damages *ex delicto*.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Elmore*, *W. W. King*, and *Mott*, for the appellants. *Randall*, for the deendants. The judgment of the court was pronounced by

SWAGAR
*v.*
PIERCE.

EUSTIS, C. J.  This is a suit for damages caused by the collision of the steamer Childe Harold with the steamer Homer, the former owned by the defendants and the latter by the plaintiffs. It was commenced by attachment, and the attachment was dissolved, after a hearing by the district judge, from whose decision this appeal was taken. In the case of *Prewitt* v. *Carmichael*, decided in October last, 2 An. Rep. p. 943, we held that, under the provisions of the Code of Practice, an attachment could not be maintained in an action for damages for a tort. That case was thoroughly argued, and the subject was examined with great care; on a review of it, we are satisfied that our decision was correct.                                                   *Judgment affirmed.*