## State of Louisiana *v.* Pleasant Millican.

The State's attorney, in a public prosecution, is entitled to the opening and *the close* of the argument, although the prisoner offers no evidence.

A juror cannot be heard to impeach the verdict which he has rendered. He is not allowed to prove the misconduct of his fellow jurors, nor to show that they erred in the formation of their verdict, either by disregarding or misconstruing the charge of the Judge.

In a criminal prosecution, no defect of form, either in the proceedings or in the indictment, however apparent on the face of the papers, will be a good ground for a motion in arrest of judgment.

The offence of willfully or maliciously setting fire to, and burning a crib of corn, falls within the provisions of the 3d section of the Act approved March 18th, 1858, entitled "An Act to amend and reënact certain sections of an Act entitled 'An Act relative to crimes and offences,'" approved March 14th, 1855.

APPEAL from the District Court of the Parish of Winn, *Chaplin*, J.

*Hines*, District Attorney, for the State. *Cazabat*, for defendant and appellant.

Voorhies, J. The prisoner was indicted for the crime of arson, and, being found guilty by the verdict of the jury, was sentenced to the penitentiary for the term of seven years.

Several points are presented, on his behalf, with the view of procuring a reversal of the verdict of the jury, and of the judgment of the District Court.

I. On the trial in the court below, the defendant, having offered no evidence, but resting his case upon the weakness of his adversary's proof, claimed the right to close the argument in reply to the State Attorney. The District Judge held that the latter was entitled to the opening and to the reply.

This ruling is in unison with the common law practice, and is supported by the

LOUISIANA
*v.*
BAILLIO.

authority of the elementary writers on this subject. Arch. Cr. R., 170 ; 1 Chitty's Crim. Law, 512 ; Roscoe on Ev., 237 ; Starkie's Ev. 325. The *dictum* in the case of the *State* v. *Bass*, that "If the prisoner chooses to rest his defence upon the weakness of the State's proof, and to offer none himself, it seems that it is usual for the argument to cease with the reply of his counsel to the argument of the prosecuting officer," is incorrect, It does not discriminate between the prosecution at the instance of a private individual, and a public prosecution by the officer of the government. In the latter, the opening and the reply in the argument belong to the State Attorney.

II. On a motion for a new trial, the defendant offered one of the petit jurors as a witness, to impeach the verdict rendered in the cause ; and also to prove that the charge of the District Judge had been misunderstood by the jury. Objection being made to the competency of the witness, the same was sustained.

A juror cannot be heard to impeach the verdict which he has rendered. *State* v. *Caldwell.* 3 An. 435 ; *State* v. *Brette*, 6 An. 653. He is not allowed to prove the misconduct of his fellow-jurors, nor to show that they erred in the formation of their verdict, either by disregarding or misconstruing the charge of the Judge. In both cases, the object of introducing the testimony is to impeach the verdict ; and that renders the witness incompetent. *State* v. *White et als*, 13 An. 573.

III. The motion in arrest of judgment is based upon the allegation, " that the record does not show the finding of the Grand Jury ; that the indictment was never legally filed ; and that no order for the arrest of the accused was ever made."

Upon an inspection of the record, we find the following entry : " The Grand Jury came into court, and presented the following bill of indictment, to-wit : *State of Louisiana* v. *Pleasant Mulligan*,—Indicted for burning a crib of corn." Then follows the bill of indictment, with the endorsement on the back : "A true bill.— *Jesse Womack*, foreman " This document is endorsed also : " Filed January 17th, 1860—*J. A. Dixon*, clerk." The court has acted upon this indictment, which was docketed as No. 92 of the Criminal Docket of the District Court of that parish.

The defendant's counsel contends, that the record should show on its face, not that a bill of indictment was presented by the Grand Jury, but that they preferred a true bill. This informality, if informality there be in this case, cannot be urged in arrest of judgment. No defect of form, as well in the proceedings as in the indictment, howsoever apparent on the face of the papers, will be a good ground for a motion in arrest of judgment. See the case of the *State* v. *D. Swift et al.*, 14 An. 828. These remarks dispose also of the objection with regard to the arrest of the party.

IV. It is assigned as an error in the indictment, that there is no law punishing the offence of willfully or maliciously setting fire to, and burning a crib of corn. The 3d section of the Act approved March 18, 1858, is in point. Sess. Acts, p. 212.

Judgment affirmed.