No. 941.

## STATE OF LOUISIANA *vs.* ALEXIS FRUGÉ.

The accused, in support of a motion for a new trial, offered one of the jurors who sat on the trial of his case as a witness to prove that, after the jury had received the charge of the judge and had retired for consultation, they were divided in their opinion as to the verdict to be rendered, and that it was then and there urged upon the jurymen unwilling to convict by those who were in favor of conviction that the accused had no defense because his counsel had submitted his case to the jury without argument, and that this testimony was offered to show that the jury did not come to their verdict by considering the law and evidence. The introduction of this evidence was properly rejected by the court.

To a bill of exception founded on the allegation of misconduct on the part of one of the jurors and separation of the jury before rendition of their verdict, the judge *a quo* appended the following: "The juror, without permission of the court or consent of the accused, left his seat in the jury-box and advanced to where the district attorney was sitting and whispered something in his ear. The district attorney made no reply, but merely shook his head; whereupon the juryman immediately returned to his seat. All this occurred in open court, in presence of the accused, the officers of the court, counsel of the accused, and the other jurymen." The court *a qua* was of the opinion: "There was neither a separation of the jury nor misconduct on their part, and that the verdict of the jury was strictly in accordance with the law and the evidence." This ruling is correct.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Hudspeth*, J. Criminal case. *Ferreol Perrodin*, District Attorney, for plaintiff and appellee. *Lewis & Brother*, for defendant and appellant.

TALIAFERRO, J. The defendant was convicted of the crime of rape and sentenced to the Penitentiary during life. He appeals from the sentence.

The record contains three bills of exceptions, embodying the reasons

stated by defendant why he should be allowed a new trial, which was re-
fused:

First—The accused, in support of his motion for a new trial, offered
one Alexandre Lepine, one of the jurors who sat on the trial of the case,
as a witness to prove that after the jury had received the charge of the
judge and had retired for consultation the jury was divided in their
opinion as to the verdict to be rendered, and that it was then and there
urged upon the jurymen unwilling to convict by those who were in favor
of conviction that the accused had no defense because his counsel had
submitted his case to the jury without argument, and that this testimony
was offered to show that the jury did not come to their verdict by con-
sidering the law and the evidence.

The introduction of this evidence was objected to by the district at-
torney and rejected by the judge.    The testimony was utterly inadmis-
sible, and was properly refused by the court.

Second—That upon the impaneling of the jury, and before rendition
of their judgment, there was misconduct on the part of one of the jurors
in this, and a separation of the jury in this, viz.: that the juror, after the
jury had been impaneled and sworn, and while they were yet in the jury-
box, left his seat and held a whispered conversation with the district
attorney.

The court overruled this objection, and appended to the bill of excep-
tions the following: "The juror, without permission of the court or con-
sent of the accused, left his seat in the jury-box and advanced to where
the district attorney was sitting and whispered something in his ear.
The district attorney made no answer, but merely shook his head,
whereupon the juryman immediately returned to his seat. All this oc-
curred in open court, in presence of the accused, the officers of the court,
counsel of the accused, and the other jurymen."   The court was of the
opinion "there was neither a separation of the jury nor misconduct on
their part, and that the verdict of the jury was strictly in accordance
with the law and the evidence."   The ruling of the judge we think cor-
rect.

Third—The district attorney offered the evidence of himself and the
juror whose act was complained of to establish what it was that passed
at the time the juror whispered in the ear of the district attorney, and
to explain it.  Objections were made to the competency of these wit-
nesses.

The court overruled the objections for the reason that "it is well es-
tablished that however improper the conduct of the juror may have been,
yet if it does not appear that it was occasioned by the prevailing party
or any one else in his behalf, if it does not indicate an improper bias
upon the juror's mind, and the court can not see that it either had, or

State vs. Fruge.

might have had, an effect unfavorable to the party moving for a new trial, the verdict ought not to be set aside." Archbold's Criminal Practice and Pleadings vol. 1, page 638. We see no error in this ruling.

The defense we regard as having no force.

It is therefore ordered that the judgment appealed from be affirmed with costs.