## No. 106.

### The State of Louisiana vs. Jacques and Laurent Chrétien

Testimony offered to show that a co-defendant, in a case of larceny, and a fugitive from justice, called upon and induced the prisoner to assist him to go after the property stolen, is not *hearsay*, but original evidence. The facts sought to be proved form part of the *res gestæ*, and were susceptible of legal proof.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Fontelieu*, J.

*C. N. Mouton*, District Attorney, for the State, Appellee.

*Edward Simon* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant, Laurent Chrétien, was prosecuted for the larceny of a beef, convicted and sentenced to four months' imprisonment, at hard labor, in the State penitentiary, and one dollar fine and costs.

From the judgment and sentence he appeals to this Court.

Record contains bills of exception, a motion in arrest of judgment, and a rule for a new trial.

The first bill relates to the refusal of the Judge to permit the defendant to prove that his co-defendant, Jacques Chrétien, then a fugitive from justice, had called on and induced him to assist him to go after the beef.

The Judge ruled out the evidence on the ground that the same was *hearsay*.

The accused claims that it is not such; that he had a right to have said facts proved as part of the *res gestæ*, and the declarations of his co-defendant ascertained, so as to place him in the real attitude he occupied in the matter.

The term *hearsay* is frequently applied to that which is really not so, in the sense in which that term is generally used.   Thus, where the inquiry is into the nature and character of a certain transaction, not only what was done, but also what was said by those present during

the continuance of the transaction, is admissible. But this is not *hearsay* evidence. It is original evidence of the most important and unexceptionable kind. In this case, it is not a second hand relation of facts which is received, but the declarations of the parties to the facts themselves, or of others connected with them in the transaction, which are admitted for the purpose of illustrating its peculiar character and circumstances.

The declarations of third persons are not admissible as part of the *res gestæ*, unless they in some way elucidate or tend to give a character to the act which they accompany, or may derive a degree of credit from the fact itself. If they can have no effect upon the act done, and derive no credit from it, but depend for their effect on the credit of the party who makes them, they are not admissible, merely because they have some connection with the act or relate to it. Roscoe Cr. Ev. 24, 190, 302; 14 N. H. 101; 11 Ga. 615; 5 Md. 450; 36 Miss. 190; Greenleaf, Vol. I, 100, 101, *et seq.* See also State vs. Duncan, 8 R. 562; 16 An. 377

To make declarations a part of the *res gestæ*, they must be contemporaneous with the main fact, not, however, precisely concurrent in point of time. If they spring out of the same transaction, elucidate, are voluntary and spontaneous, and made at a time so near to it as reasonably to preclude the idea of deliberate design, they are then to be regarded as contemporaneous. 5 Md. 450.

Applying those rules to the present instance, it does appear that the facts sought to be proved form part of the *res gestæ*, and that the accused should have been permitted to offer the testimony offered in support, to show his motive.

The second bill refers to the refusal of the Judge to receive the evidence of two jurors, to impeach the verdict of the jury. The ruling was a proper one and cannot be questioned.

The other complaints are to the refusal of the Judge to grant a new trial, on the ground of newly discovered evidence, to the illegality of the term at which the prisoner was tried, and to the illegality of the *fine* imposed.

The view taken of this case renders unnecessary the decision of those questions, which may never arise herein.

It is, therefore, ordered and decreed that the verdict of the jury herein be annulled and quashed, and that the judgment and sentence based thereon be avoided and reversed, and it is further ordered and decreed that this case be remanded to the lower court for a new trial, with instructions to receive the rejected testimony and to proceed therein further according to law.