## No. 9273.

### THE STATE OF LOUISIANA vs. VICTOR PRICE.

Where the trial occupied but one day and was continuous and uninterrupted, one mention of the prisoner's presence in court is enough.

An objection to the organization of the grand jury that found the bill cannot be made for the first time in the appellate court.

It is not necessary that the proceedings relative to the selection of the grand jury shall be in the record of appeal unless specific objection had been made in the trial court thereto, when the appellant for his own protection must have them inserted. Where no objection has been made below, it is sufficient if it appear that the grand jury came into court and presented the bill.

State vs. Price.

Objections to the reception of testimony cannot be made in an assignment of errors. They must be made on the trial, and bills of exception taken to the ruling thereon.

Alleged discrepancies in the testimony of witnesses are matters of fact for the exclusive consideration of the jury in criminal causes.

A new trial is not grantable for alleged ability to prove false-swearing of a witness when no attempt was made to obtain testimony to support such allegation and no diligence is shewn.

Jurymen are not permitted to impeach their own verdict. Public decency and public policy alike forbid that jurymen who have sworn to render a true verdict shall be permitted to swear that they rendered a false one.

In an indictment for arson it is not necessary to charge the house was set on fire with malice aforethought, but merely "willfully and maliciously," nor does it vitiate the indictment that the copulative is used when the statute has willfully *or* maliciously.

APPEAL from the Twenty-second District Court, Parish of St. James. *Duffel, J.*

*M. J. Cunningham,* Attorney General, and *J. L. Gaudet,* District Attorney for the State, Appellee.

*Robt. G. Dugué* for Defendant and Appellant.

———

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of arson and sentenced to hard labour for life. There are four grounds in his assignment of errors ;—

1. It does not appear that he was present in court during a considerable part of the trial.

If the prisoner's counsel has not read the record he should not undertake to represent him. If he has read the record he should not have made the above assertion. The record affirmatively shews the presence of the prisoner in court at every stage of the trial both important and unimportant.

2. It does not appear that he was present when the verdict was rendered.

The fact of his presence is expressly stated. The trial was a continuous and uninterrupted act begun and concluded on one day. Besides the express mention of the prisoner's presence with which the trial opens, the record of that day's proceedings closes with the entry that the prisoner was remanded to jail. The first mention of the presence was enough.

3. That the grand-jury which found the bill was organized at a term for civil causes for which no jury had been provided and not a jury term.

State vs. Price.

The objection comes too late even if it be well founded. It should have been made on the first day of the term. It was not made below at all but for the first time here. State v. Daniel, 30 Ann. 91; State v. Johnson, Idem, 368; State v. Watson, Idem, 379; State v. Coudier, 36 Ann. 291;

4. It does not appear how the jurymen were obtained from whom the grand jury was selected.

If by this the prisoner means that the whole of the proceedings relative to the selection of the grand jury that found the bill should be in the record, he is in error. It is sufficient if it appear that the grand jury came into court and presented the indictment they had found, unless specific objection is made to its organization when such objection and the proof in support of it will appear. The reason why it does not appear here is that no objection was made to the organization of the grand jury at the proper time and no valid objection can be made by an assignment of errors in this court. State v. Tazwell, 30 Ann. 884.

The motion for a new trial contains six grounds:

1. That the verdict is contrary to the law and the evidence which is nothing more than the formal allegation in such motions.

2. Objection is made to the testimony of the witnesses who identified certain articles found at the place of the fire as belonging to the accused on the ground that the articles should have been produced.

This should have been made on the trial and a bill of exception taken to its reception. It cannot be made after trial when the accused has waived objections by not making them and taken his chance of an acquittal. Wharton Crim. Pr. and Pl. §§ 801, 844, 877.

3. This presents a question of fact pure and simple, viz the discrepancy between the evidence of two witnesses on the trial and their evidence on the preliminary examination, and is not reviewable by this court.

4. The alleged falsity of a witness for the State and the ability of the prisoner so to have proved.

No attempt was made to obtain the witness who would have disproved the testimony of the State's witness. No diligence whatever is shewn, and the brief for the State informs us she lived but a short distance from the court-house.

5. Misconduct of the jury in conversing with others during a recess of court at mid-day, and examining law-books and papers at that time.

Defendant's own witness, introduced to support this ground, fails to do so. He says he "does not remember to have seen any member of

the jury refer to any law-books or papers during the recess," and he does not remember to have seen any persons inside the railing where the jury-box was. The sheriff and his deputy, one or other having been with the jury in charge during the whole recess, swear positively that there was no communication with others and no law-books or papers were touched.

6. This ground is thus stated;—"several members of the jury immediately or shortly after their discharge openly stigmatised the verdict as iniquitous and stated they were convinced of the defendant's innocence," and proceeds to detail what took place in the jury-room, and how the jurymen who were convinced of the defendant's innocence were induced to forswear and join in a verdict of guilty. Six jurymen were offered to be sworn to prove these allegations.

The judge properly refused to hear them. The rule is of universal acceptance that jurymen will not be permitted to impeach their own verdict and thus declare their own perjury, for one oath would but off-set the other. Both public decency and public policy alike demand the rejection of such testimony. State v. Caldwell, 3 Ann. 435; State v. Brette, 6 Ann. 653; State v. Mellican, 15 Ann. 557.

An offer was then made to prove by others that these jurymen had made these assertions to them and this was also refused, for that would have been receiving at second-hand the impeachment of the verdict by the jurymen who had rendered it, and if they cannot be heard to impeach it by their own testimony, much less can their declarations be received when filtered through the repetition of third persons.

Finally a motion in arrest of judgment was made on ten grounds, that the indictment does not charge that at the time of setting fire to the house a human being was usually residing there, nor who was living in it, nor that a human being was lodging in it at night, nor that the crime was committed with malice aforethought, and such like.

The words of the statute are; — whoever shall willfully or maliciously set fire to or burn in the night time any house  *  *  in which there shall be at the time some human being usually staying, lodging or residing at night, etc. Rev. Stats. sec. 841.

The indictment follows the words of the statute except that it charges the act to have been done feloniously, willfully and maliciously. It does charge that a human being was living in the house and gives her name, and charges that she usually lodged therein at night. There was no need to insert the words "with malice aforethought. The use of

the copulative "willfully *and* maliciously," when the statute has " *or* " does not vitiate it. If it be criminal to burn a dwelling-house either willfully or maliciously, it intensifies the criminality to burn it willfully and maliciously. State v. Banton, 4 Ann. 31. Even in statutory offences it is not necessary to follow the exact words of the statute, but is sufficient if the offence is set forth with substantial accuracy. State v. Smith, 5 Ann. 341; State v. Ely, 35 Ann. 895.

Judgment affirmed.