State vs. Bates.

No. 9709.

THE STATE OF LOUISIANA VS. MILES BATES.

| 38 | 491 |
| 112 | 334 |
| 114 | 78 |
| 38 | 491 |
| 119 | 465 |
| 38 | 491 |
| 124 | 784 |

A former acquittal for the same offense cannot be urged as newly-discovered evidence in support of a new trial. Such fact must have been known to defendant, and evidence to that effect could only have been offered under a special plea of *autrefois acquit*.

Jurors cannot be heard to impeach their verdict; and when no objection is urged to the correctness of the judge's charge, the allegation that the jury misapprehended its meaning, supported by the affidavit of a juror to that effect, cannot be sustained as ground for a new trial.

APPEAL from the First District Court, Parish of Caddo. *Hicks, J.*

*M. J. Cunningham,* Attorney General, for the State, Appellee.

*J. L. Hargrove* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The only complaint of error is embodied in a bill of exceptions taken to the ruling of the judge in refusing a motion for new trial, which was based on the following grounds, viz:

1st. That no evidence was offered on the trial to show any value to the property alleged to have been stolen.

How are we to determine whether such evidence was offered or not, or the sufficiency of the evidence offered? The judge does not substantiate the averment, and his refusal of the new trial must be taken as denying it.

2d. That defendant was *surprised* by the State's withdrawing a witness without examining him on a certain point.

This is frivolous. If the defendant wished to carry the examination further, he had the opportunity of doing so.

3d. On the ground of newly-discovered evidence, the amount of which is that he has discovered since the trial that he had been formerly tried and acquitted for the same offense.

The proposition that he had been tried and acquitted for the same offense, without knowing it, is difficult of comprehension; and, if it were true, should have been urged in a special plea of *autrefois acquit.*

4th. That the jury *misapprehended* the judge's charge.

It is not alleged that the judge's charge was incorrect or was not clearly expressed. The attempt is made to support the ground by the affidavit of one of the jurors; but he cannot be permitted to impeach the verdict. We know of no authority for granting a new trial on such a ground.

Judgment affirmed.