## No. 259.

### THE STATE OF LOUISIANA VS. GEORGE MORRIS.

41 785
50 455

Jurymen are not permitted to impeach their own verdict by direct testimony that they acted upon improper and illegal motives — much less can their declarations that they so acted be proved by others, and particularly by a fellow-juror. 37 Ann. 217.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. Brame, J.

---

J. Henry Shepherd, District Attorney, for the State Appellee:

A juror cannot be examined as a witness to impeach the verdict of the jury of which he was a member. 38 Ann. 498; State vs. Chretien, 35 Ann. 1031.

Upon grounds of public policy the courts have almost universally agreed upon the rule that no affidavit, deposition or other sworn statement of a juror will be received to impeach the verdict, to explain it, to show on what grounds it was rendered. Thompson & Merriam on Juries, Sec. 440, p. 540.

Or to show that he consented to the return of the verdict without concurring in it in order to secure his discharge or because his health absolutely required him to be released from confinement. Thompson and Merriam, Sec. 441, P. 544.

*Chas. E. Lea, J. G. Kilbourne* and *D. J. Wedge* for Defendant and Appellant:

Jurors cannot be received to qualify by parol testimony matters of record; nor can they be permitted to state matters concerning their deliberations which may be proved *aliundo*. From necessity, however, when gross injustice has been wrought from misconduct or misapprehension in their deliberations, they are to be permitted to prove such misconduct or misapprehension.

A distinction has been taken to the effect that though a juror cannot be admitted to stultify his own action, yet he may be permitted to prove gross misconduct in his fellows. Wharton's Criminal Law, 7th Ed., Vol. 3—Practice, sec. 3328.

It woould, perhaps, hardly be safe to lay down any general rule on this subject. Unquestionably such evidence ought always to be received with great caution. But cases might arise in which it would be impossible to refuse them without violating the plainest principles of justice. U. S. vs. Reid, 12 Howard 361.

The Supreme Court of Louisiana agrees with the Supreme Court of the United States that "cases might arise in which it would be impossible to refuse the affidavits of jurors without violating the plainest principles of justice. State vs. Walham, 31 Ann. 149.

In exceptional cases such affidavits have been received. Taylor vs. Greeley, 3 Greanl. 204; Frie's Case, 1 Wh. St. Tr. 605; Moffitt vs. Burman, 6 Grat, 219.

The affidavits of jurors, or evidence of their admissions, are not competent testimony to prove their own misconduct; but it may be proved by the oath of a fellow-juror, who is not inculpated in such misconduct. Deacon vs. Shreve, 2 Zab. N. J. 176.

Where the declarations of a juror, made after verdict, disclosed the fact that extraneous matters were considered by the jury in arriving at their verdict, and the further fact that said juror was prejudiced, the Supreme Court of Georgia received the affidavit and granted a new trial. Martin vs. State, 25 Georgia 494.

The opinion of the Court was delivered by

FENNER, J. The record presents but one bill of exceptions, which was taken to the ruling of the court excluding the testimony of a juror, J. H. Darmond, which was offered, on a motion for a new trial, to prove that " at thetime of agreement on the verdict, the juror, Etna Albritton, declared that he only consented to the verdict in order that the sick juror, Darmond, might be released from confinement, as he was too sick to remain in the jury room, and that otherwise he would not consent to the verdict."

The testimony was objected to and ruled out on the ground that

a juror cannot be heard as a witness to impeach the verdict of a jury of which he was a member.

The ruling was manifestly correct under repeated decisions of this court. State vs. Bird, 38 Ann. 499; State vs. Chrétien, 35 Ann. 1032; State vs. Price, 37 Ann. 218; State vs. Mellican, 15 Ann. 557; State vs. Bertle, 6 Ann. 653; State vs. Caldwell, 3 Ann, 435.

It would hardly be claimed that the juror, Albritton, could have been heard himself to impeach his verdict by assigning such improper and illegal motive for his action; but it is contended that the like objection does not apply to the proof of his statements to that effect by another juror.

This very distinction was considered and repudiated in Price's case, 37 Ann. 218, where, after the court had sustained a refusal to permit the jurymen themselves to impeach their own verdict, the decision proceeds as follows: "An offer was then made to prove by *others* that these jurymen had made these assertions to them and this was also refused, for that would have been receiving at second-hand the impeachment of the verdict by the jurymen who had rendered it, and if they cannot be heard to impeach it by their own testimony, much less can their declarations be received when filtered through the repetition of third persons." See also State vs. Beatty, 30 Ann. 1266.

The other ground of the motion for new trial, viz: The incapacitation of the juror, Darmond, by reason of his illness, involves a question of fact, and as no bill of exception was taken to the ruling of the judge thereon, the question is not brought before us in such shape that we can review the ruling.

Judgment affirmed.