## No. 12,793.

### STATE OF LOUISIANA vs. EUGENE CORCORAN.

1. This court has no jurisdiction to review the facts on which the verdict in criminal cause rests.
2. A juror can not be heard to impeach his own verdict. Nor can this be do indirectly through a third person testifying to remarks made by a juror after the verdict.
3. The law and motives of public policy alike exclude such testimony.

| 50 | 453 |
| 51 | 1299 |
| 50 | 453 |
| 112 | 335 |
| 114 | 78 |
| 50 | 453 |
| 117 | 1091 |
| 50 | 453 |
| f124 | 784 |

APPEAL from the Criminal District Court for the Parish of Orleans. Moise, J.

---

*M. J. Cunningham*, Attorney General, and *R. H. Marr*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

---

*Wm. J. Hennessey* for Defendant, Appellant.

---

Argued and submitted April 9, 1898.
Opinion handed down April 18, 1898.

---

The opinion of the court was delivered by

BLANCHARD, J. The accused, convicted of robbery, appeals from a sentence of fifteen months at hard labor.

He alleges error in the ruling of the trial court denying his origina and supplemental motions for a new trial, and in the ruling denying his motion in arrest of judgment.

The several grounds urged in the original motion for new trial are predicated upon the contention that certain facts necessary to establish defendant's guilt were not proven. The trial judge, exercising the discretion vested in him by law, refused the application. It does not appear that this discretion has been abused, and it is well established that this court will not interfere with such rulings, unless man-

ifestly erroneous. State vs. Moreau, 50 La. An. —; Southern Rep., Vol. 22, p. 966.

Nor has this court jurisdiction to review the facts on which the verdict rests. State vs. Cook, 42 An. 88; State vs. Seiley, 41 An. 145: State vs. Nelson, 32 An. 844; State vs. Deschamps, 42 An. 575.

The ground urged in the supplemental motion for new trial is, that one of the jurors (naming him), who sat in the trial of the case, after leaving the jury room, told one Monaghan that he (the juror) would have held out for the defendant and not consented to convict him had it not been that, by so doing, he would lose "his job," or was apprehensive that he would lose "his job"—meaning the place in service or employment he was then filling.

It is contended that by reason of the bias and extraneous influence thus controlling him this juror disregarded and ignored the charge of the court, as well as his oath, and the verdict is vitiated.

On the hearing of the motion Monaghan was sworn as a witness, being tendered by the accused to prove its averments.

The State objected to the evidence sought to be adduced on the ground that if the juror were himself present, and it were sought to place him on the stand, he could not be heard to impeach his own verdict, and still less can a witness be examined as to certain unsworn statements alleged to have been made by the juror, the effect of which declaration would be to impeach the juror's verdict.

The objection was sustained, the evidence excluded and defendant excepted.

The trial judge gives as reasons for its exclusion that the allegations as to the incompetency of the juror were based on hearsay evidence; that the nature of the juror's employment was not disclosed, nor such relationship between that employment and the prosecution as would justify the inference, conclusion or even probability that he would lose "his job" on account of his action as juror; that the witness was offered merely to prove the juror had made such a remark; that there was no representation the juror had been tampered with, nor were wrongful and corrupting influences averred or offered to be shown; and that, while the remark of the juror was sought to be made use of under guise of sustaining a charge of incompetency, it was plainly an attempt to impeach his verdict.

There was no error in the ruling of the court.

The law must be considered settled squarely against the contention

of the accused that the evidence of this witness was admissible. State vs. Beatty, 30 An. 1267; State vs. Price 37 An. 218; State vs. Morris, 41 An. 785.

We quite agree with the observation of the learned judge of the court a qua that "if a new trial should be granted on this ground almost any verdict could be set aside by securing from sympathetic or timid jurors such expressions as would involve their own competency after the binding obligations of an oath had been removed."

The law and motives of public policy alike exclude such testimony as that here offered.

The motion in arrest of judgment was urged on the ground that the information does not charge the accused feloniously took from the person of the prosecuting witness by violence, or by putting him in bodily fear, the property alleged to have been stolen. It is insisted that this was essential, and that its absence vitiates the information and all proceedings had thereunder.

A reading of the information shows that this complaint is groundless. The charge is that "one Eugene Corcoran * * * in and upon one W. J. Cummings feloniously did make an assault, and the said Cummings in bodily fear did then and there put, and forty-five dollars of the lawful money of the United States of America, one match case of the value of three dollars, one handkerchief of the value of twenty-five cents and one cravat of the value of seventy-five cents, of the goods, property and chattels of said Cummings, from the person and against the will of him the said Cummings, then and there feloniously and violently did steal, take and carry away."

Judgment affirmed.