## Schwamb Lumber Co. v. Charles L. Schaar et al.

1. REPLEVIN—*Demand in, When Unnecessary.*—Where the possession of the defendant in the property is wrongful, a demand before bringing an action of replevin for its possession is unnecessary.

2. SAME—*Where Possession is Unlawful.*—Where a party purchases property of one who has no title, he acquires none under his purchase and his possession as against the true owner is wrongful.

3. INSTRUCTIONS—*As to the Right of the Jury to Disregard Testimony.*—The jury may properly be instructed that they have no right to disregard the testimony of a witness where such testimony is not contradicted and such witness has not been impeached.

4. APPELLATE COURT PRACTICE—*Exceptions to Refusing Instructions.*—Where no exceptions have been taken to the ruling of the trial court in refusing instructions such refusal can not be availed of by the party in the Appellate Court.

5. EXCEPTIONS—*Must be Taken at the Time.*—An exception to the refusal of the trial court to give an instruction in order to be available in the Appellate Court must be taken at the time of the refusal.

6. VERDICTS—*Affidavits of Jurors Not Competent to Impeach.*—The general and well established rule in this State is to the effect that jurors will not be permitted to impeach their finding, or in other words, to question the manner by which they arrived at their verdict.

7. SAME—*Affidavits of Jurors Competent to Show that the Verdict Returned by Them is Not the One Agreed Upon.*—Affidavits of jurors are competent to show that the verdict returned by them is not the real one upon which they had agreed, by reason of some omission to state correctly the verdict which by due and regular course of proceedings they had honestly and fairly arrived at.

**Replevin.**—Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed May 6, 1901.

**Statement by the Court.**—Appellant, plaintiff below, began replevin in the Superior Court of Cook County against appellees, defendants below, to recover the possession of certain lumber, a part of which was recovered upon the writ and turned over to the plaintiff. The declaration consists of three counts, viz., for the wrongful taking and for the wrongful detention of the goods in question and in trover. The pleas were *non cepit, non detinet,* not guilty as to the third count, and property in the defendants.

A trial before the court and a jury was had on February

2, 1900, resulting in a verdict finding the defendants not guilty, and right to the possession of the property in question in the defendants. February 10, 1900, the court overruled plaintiff's motion for a new trial and entered judgment on the verdict for the defendants, with *retorno habendo*, from which plaintiff appealed.

Afterward on February 23, 1900, plaintiff moved the court to vacate and set aside the said judgment of February 10, 1900, and order for *retorno habendo*, and that the verdict of the jury be corrected to conform with the true verdict of said jury, in support of which motion there was read the joint affidavit of all the jurors, a separate affidavit of one juror, R. H. Weightman, and an affidavit of Sidney Adler, plaintiff's attorney, who had charge of the cause, but the motion was overruled, and from the order overruling such motion plaintiff prayed and was allowed an appeal. Both the appeals were perfected under one bond and are presented together.

The plaintiff asked the court to give the following instructions, which were refused, to wit:

"1. The court instructs the jury that if they find, from the evidence, that the Schwamb Lumber Company never sold the lumber in question to Olson, but that Olson was to dry the said lumber and deliver the same to a certain building, then said Schwamb·Lumber Company is entitled to recover in this suit, and that it makes no difference whether Schaar, Koch & Company and Smith knew of the arrangements between the Schwamb Lumber Company and Olson."

"2. The jury have no right to disregard the testimony of a witness where such testimony is not contradicted and such witness has not been impeached."

No exception, however, to the refusal of the court to give said instructions was preserved in the record.

Loeb & Adler, attorneys for appellant.

Albert N. & Edw. P. Eastman, attorneys for appellees.

Mr. Justice Windes delivered the opinion of the court. For appellant it is contended that the refusal of the first

instruction was error, but it is said that the trial court held, on motion for new trial, that the instruction was improper because it does not recognize the necessity of the plaintiff's making a demand before suing out the writ of replevin, and this is the only reason that counsel for appellees assign in justification of the court's ruling.

The evidence in the case tends strongly to show that the appellees came into possession of the lumber in question wrongfully; that they purchased the lumber in question, with other property, from one Andrew J. Olson, in consideration of the cancellation by appellees of certain indebtedness from Olson to them, and other considerations; that, Olson, at the time, had no title whatever to the lumber, it having been delivered to him by the plaintiff to be dried in his kiln. This being true, appellees took no title by their purchase from Olson, and their possession of the lumber was wrongful and tortious as to plaintiff. In order to sustain replevin when the possession of the defendant is wrongful, a previous demand of possession is unnecessary. Clark v. Lewis, 35 Ill. 418–23; Stock Yards Co. v. Mallory, 157 Ill. 563; Fifth Am. & Eng. Ency. Law, 528 I. (1st Ed.); Galvin v. Bacon, 11 Me. 28 (2 Fairfield Rep.); Wells on Repl., Sec. 365; Butters v. Haughwout, 42 Ill. 18–24; Bruner v. Dyball, 42 Ill. 36; Hardy v. Keeler, 56 Ill. 152; Tuttle v. Robinson, 78 Ill. 332–4; Oswald v. Hutchinson, 26 Ill. App. 273; Trudo v. Anderson, 10 Mich. 357–67; Rosum v. Hodges, 9 L. R. A. (S. Dak.), 817–9.

In Wells on Replevin, *supra*, the author recognizes a conflict in the decision as to when a demand is necessary before replevin can be maintained by the true owner of goods, stating a line of cases in which it has been held that " where the defendant acquired possession by purchase from one apparently the owner, such possession was so far rightful that the real owner must make demand before bringing suit," and another line of cases holding " that where one purchased property from one who had no right to sell, it was a conversion, and the owner could sustain replevin without demand, the good faith of the buyer being

no defense." The rule in the latter line of cases seems to prevail in this State, and we think is supported by the weight of authority, the better reason and the later decisions.

In Clark v. Lewis, 35 Ill. 417–22, where a horse had been purchased at a poundmaster's sale, which was not conducted in strict conformity to the ordinance, it was held that the true owner need not make demand before bringing replevin against the purchaser of the horse, for the reason that his possession was wrongful. The court say:

"Had the defendant below been a bailee, or had his possession been otherwise lawful in its inception, a demand before suit was commenced would have been indispensable. But inasmuch as his possession was wrongful a demand was unnecessary. * * * Plaintiff in error having acquired no title to the property by his purchase, his possession was wrongful. Being wrongfully in possession a demand was unnecessary."

In the Galvin case, *supra*, it was held that a plaintiff who was the owner of a horse and bailed him to one Staples for use for a limited period, the latter having sold him to one Bacon for a valuable consideration, and without notice, a previous demand was not necessary to enable the owner to maintain replevin against Bacon.

The court say:

"He acquires no rights under his purchase. The guilty party had no rightful possession against the true owner; and he could convey none to another."

In the Tuttle case, 78 Ill., *supra*, it was held that where property in the possession of the agent of the true owner was levied upon by a constable under an execution against a third party and then turned over by the constable to such agent as custodian, it was not necessary that the owner make demand before bringing replevin. The court holding, citing the Clark case, *supra*, that the possession of the property was acquired unlawfully and for that reason no demand was necessary.

In the Rosum case, *supra*, in which it appeared that during the absence from home of the owner of certain flax-

seed, his hired man hauled the seed away, sold and delivered it to the proprietors of an elevator and received pay therefor, they believing that the man had the right to sell, the owner brought suit against the elevator proprietors for a conversion of the seed, and it was held, in a thoroughly considered opinion, that a demand before suit was unnecessary, citing, among other cases, the Clark case, *supra*.

Counsel for appellees rely upon the case of Farwell v. Hanchett, 120 Ill. 573–7, as holding that in order to maintain replevin against an innocent purchaser for value, a previous demand is necessary. We do not think the case sustains the contention, as applied to the facts at bar, because the court recognizes the general rule that replevin may be maintained as against one who has obtained possession unlawfully, without previous demand, and in the case under consideration the court held that an instruction which made a demand of a fraudulent vendee of goods a prerequisite to the right to maintain replevin against him, was erroneous, although he had not been tendered back his note given for the goods, the same being offered to be returned to him upon the trial of the case.

This instruction may, however, be said to be technically erroneous in that it assumes in effect that the plaintiff was the owner of the lumber in question, when it turned it over to Olson to dry. As to this, however, there was no dispute in the evidence, and the instruction was not bad for that reason.

We think that the second instruction asked by appellant should have been given. While it is true that the jury might disbelieve a witness who has not been contradicted nor impeached, it is their duty to consider his testimony and give it such weight, if any, as it is entitled to. They should not arbitrarily disregard it.

Inasmuch, however, as no exception was taken to the rulings of the court in refusing these instructions, their refusal can not be availed of by appellant.

Appellant's counsel claim that because the statute allows exceptions to the giving or refusing of instructions to be

entered at any time before final judgment, and it sufficiently appears from this record that the refusal of the court to give these instructions was excepted to, they are entitled to have the benefit of their exceptions.    The instructions were refused on February 2d, the day of the trial, when no exception appears to have been taken.    The exception relied upon by appellant's counsel appears to have been taken eight days thereafter, when the motion for new trial was overruled, and does not purport to be an exception to the ruling of the court in refusing the instructions.    The statute does not in terms dispense with the requirement of the Supreme Court's decisions that the exception, in order to be available, must appear to have been taken at the time of the court's ruling.    England v. Vandermark, 147 Ill. 76–9, and cases cited.

While it would seem by the late decision of the Supreme Court in Collins Ice Cream Co. v. Stephens, 189 Ill. 200, that it is sufficient to enter the exception before final judgment, the court does not hold, as we construe its language, that the exception need not be taken at the time of the trial court's ruling on the instruction.    In fact, the opinion shows that in that case the bill of exceptions did show an exception was taken at the time the instruction was given.    Here, however, the exception was not taken at the time the instruction was refused, nor does it appear, even when taken, to have been to the court's rulings in refusing the instructions, but to its ruling denying the motion for a new trial.

The only remaining question is as to whether there was error in overruling plaintiff's motion to set aside the judgment and verdict, and to correct the latter so as to conform to the true verdict of the jury.

All the jurors joined in an affidavit, which was read in support of this motion, and it states in effect that the unanimous verdict of the jury, when they took their vote in the jury room, was to find the issues for the Schwamb Lumber Co., but that the jurors mistaking that company to be the defendant instead of the plaintiff in the suit, they signed the form of verdict which had been handed to them finding for

the defendants; that the verdict was then sealed up and turned over to the bailiff, and was not opened and read until the following morning, when they became aware that the verdict read was not the verdict found by the jury, because the attorney of the lumber company, upon the reading of the verdict, moved for a new trial, whereupon three of the jury, Waddell, Weightman and Obermeyer, immediately reported to the minute clerk of the court the facts stated in the affidavit. The separate affidavit of Weightman in addition states that during the deliberations of the jury, the question arose as to who was plaintiff and who was defendant; that the jury sent for a bailiff and asked him about it, but he declined to give them the information because he said they must not talk with him about the case. The affidavit of plaintiff's attorney is to the effect that he had no knowledge of the facts with regard to the verdict until after the court had overruled his motion for a new trial and entered judgment, and was then told by the judge that the jury intended to find a verdict for the plaintiff, but signed the wrong verdict.

The general and well established rule in this State is no doubt to the effect that jurors will not be permitted to impeach their verdict, or in other words, to question the manner by which they arrived at their verdict. Sanitary Dist. v. Cullerton, 147 Ill. 385–90, and cases there cited; Smith v. Smith, 169 Ill. 623, and cases cited.

We do not, however, under the facts of this case, consider that the affidavit of the jurors impeaches their verdict in the sense in which the decisions use that term. On the contrary it shows that the verdict rendered by the jury was not the real verdict upon which they had agreed, because of the mistake which they made as to the Schwamb Lumber Company being the defendant instead of the plaintiff.

In Smith v. Eames, 3 Scam. 76–80, the court sustains the general rule, but it is also held that the affidavits of jurors may be received to show that they never consented to any verdict.

In the case of W. C. St. Ry. Co. v. Huhnke, 82 Ill. App.

Schwamb Lumber Co. v. Schaar.

404, this court held that affidavits of one's fellow-jurors might be received to show that he swore untruthfully on his *voir dire,* and was therefore a prejudiced and disqualified juror.

In Dalrymple v. Williams, 63 N. Y. 361-4, the general rule laid down in this State, the court holds to be well settled, but also decided that the affidavits of jurors could be received to show what was their real verdict in a case in which the foreman by mistake announced a different verdict. The court, in speaking of the cases which support the general rule, and of the question under consideration, say :

" They only decide that the verdict to which the jurors have once assented, and which they have reported to the court, can not be impeached or set aside upon their declaration or affidavit. But the question is quite different when the allegation is that they have been misunderstood by the court, or erroneously reported to it, and that the entry made is not and was not their verdict. It is not an attempt to reverse their action in the jury room, but to establish it. It is in the nature of an attempt to correct a clerical mistake. Had the jury rendered a sealed verdict, and their clerk or scrivener made a mistake in reducing it to writing, a correction of the writing after it had reached the court and been entered upon the minutes would be no impeachment of the verdict or of the integrity, intelligence or action of the jury."

Also in Capen v. Inhabitants of Stoughton, 16 Gray (Mass.), 364, a case quite similar to the one at bar, a like ruling was made, and the court say :

" But the evidence of the jurors is offered only to show a mistake in the nature of a clerical error, which happened after the deliberations of the jury had ceased, and they had actually agreed on their verdict. The error consisted, not in making up their verdict on wrong principles, or on a mistake of facts, but in an omission to state correctly in writing the verdict to which they had, by a due and regular course of proceeding, honestly and fairly arrived. * * * No considerations of public policy require that the uncontradicted testimony of jurors to establish an error of this nature should be excluded. Its admission does not in any degree infringe on the sanctity with which the law

surrounds the deliberations of juries or expose their ver-
dicts to be set aside through improper influences, or upon
grounds which might prove dangerous to the purity and
steadiness of the administration of public justice. On the
contrary, it is a case of manifest mistake, of a merely
formal and clerical character, which the court ought to
interfere to correct, in order to prevent the rights of par-
ties from being sacrificed by a blind adherence to a rule of
evidence in itself highly salutary and reasonable, but which
upon principle has no application to the present case."

In the case of Prussel v. Knowles, 4 How. (Miss.), 90,
which seems to have been a thoroughly considered case,
the court approves the general rule above stated. The
trial court permitted a verdict which was rendered through
mistake of all the jurors to be corrected to show what was
the verdict agreed upon by the jury, it appearing from the
statements of the jurymen that it was the intention of the
whole jury to find one of the defendants not guilty, whereas
the verdict announced found both defendants guilty. The
action of the trial court was affirmed. To the same effect
in substance are the cases of Johnson v. Oakes, 80 Ga.
722; Cogan v. Ebden, 1 Burrows, 383, and Cochran v. Street,
1 Wash. (Va.) 103.

Other cases which we have examined seem to decide
against the exception or distinction made by the foregoing
authorities, but they appear to turn more upon the facts of
the particular case before the court than upon a strict
adherence to the general rule. They do not consider the
distinction made in the cases above noted. Among these
cases are Cire v. Rightor, 11 La. 140; Reaves v. Moody, 15
Rich. (S. C.), 312; Smith v. Culbertson, 9 Rich. (S. C.) 106–10,
and Boetge v. Landa, 22 Tex. 105.

In the Louisiana case the affidavit was as to a mistake of
only two jurors in their verdict, who stated that it was their
impression that the verdict was different from the one ren-
dered, and the court cites no authority. The case in 15
Rich, *supra*, was where four of the jury made an affidavit
that they had not agreed to the verdict, but there does not
appear to have been any mistake on their part. The case
in 9 Rich. was where one juror alone made an affidavit three

Schwamb Lumber Co. v. Schaar.

months after the trial, which imputed misconduct, in the jury room, to his fellow-jurors. Clearly, such an affidavit was inadmissible. In the Boetge case, *supra*, the affidavit was by one juror, that he was coerced and intimidated by the foreman and never assented to the verdict. The jury returned a sealed verdict, were allowed to disperse, and the next morning when the verdict was opened and read, the juror said he had not assented to the verdict. The court directed them to retire and consider further of their verdict, which was done, and after a lapse of two hours the same verdict was returned as before. The jury was polled and the juror declared that it was his verdict. Clearly, under such circumstances, the court should not have disturbed the verdict.

To hold in the case at bar, under the circumstances shown of a clear mistake by all the jurors in the rendition of their verdict, it can not be corrected, would be a reproach to the administration of justice. It can not be said to present even an exception to the general rule, that jurors' affidavits will not be received to impeach their verdict, but rather a situation which does not come within the rule. The case here is whether a verdict which had never in fact been agreed upon by the jury should be taken and stand as the real verdict. The facts here presented do not bring the case, as we view them, within the rule, and therefore it should not be applied.

Appellees' counsel contend that appellant can not now urge this point, because the bill of exceptions does not show that the affidavits contained in the record were all the affidavits before the court upon the hearing of the motion. It is true that the bill of exceptions fails to show in so many words this fact, but when the record is all considered we think it quite apparent that this court has before it all the testimony which was heard upon the motion. That is sufficient to meet the requirements of the decisions which hold that the record should contain all the testimony upon which the judgment of the court is predicated.

It is further contended by appellees that it is apparent from this record that no other result could have been

reached than that already reached.   There is evidence tend-
ing strongly to show that the lumber in question was deliv-
ered to Olson as bailee, and that it was not sold to him.
Whether it was so done or not, plaintiff had the right to
have the question passed upon by a jury, and we will not
undertake to say that the evidence is insufficient to support
a verdict in its behalf.

Being of opinion that the real verdict at which the jury
arrived in this case was never in fact rendered, the judgment
will be reversed and the cause remanded for another trial.
Reversed and remanded.