(106 So. 780)

No. 27628.

### STATE v. VEILLON.

(Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

Criminal law ⊜⇒957(2)—Refusal of trial judge to permit jurors to testify that verdict was influenced by misinterpretation of charge, or misapprehension of law, held proper.

On motion for new trial, in prosecution for burglarious entering of building with intent to commit rape, in violation of Rev. St. 1870, § 854, refusal of trial judge to permit majority of jurors to testify that their verdict was influenced by a misinterpretation of the charge of the court, or misapprehension of the law, *held* proper, in view of rule precluding jury from impeaching their verdict.

Appeal from Thirteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

160 LA.—7

Lafleur Veillon was convicted of having burglariously entered in the nighttime, without breaking, a certain dwelling house, with intent to commit a rape, and he appeals. Affirmed.

A. H. Garland, of Ville Platte, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ST. PAUL, J. The defendant was convicted of having burglariously entered in the nighttime (without breaking) a certain dwelling house, with intent to commit a rape (Rev. Stat. 1870, § 854).

#### I.

He applied for *a new trial*, on the ground that "the jury were of opinion that the accused was not mentally responsible for his acts, and desired to know from the court (through further instructions asked for) whether, if they pronounced him insane, he would be confined to some institution for the feeble-minded, and, being under the impression that the judge responded, *'Not necessarily so,'* they then agreed to render a verdict contrary to their convictions, for fear that the accused, because of his feeble-mindedness and moral irresponsibility, would (again) attempt the commission of the act charged against him." And this he offered to prove by the testimony of "a majority of the jurors" who had served upon the case.

But the trial judge refused to receive or hear the testimony so offered, on the ground that:

"To allow the jurors to testify that their verdict was influenced by a misinterpretation of the charge of the court, or misapprehension of the law, would be, in effect, to permit them to impeach their own verdict."

#### II.

We see no error in the ruling of the trial judge.

In State v. Bates, 38 La. Ann. 491, the defendant applied for a new trial on the ground, inter alia, that "the jury *misapprehended* the judge's charge," and this court said:

"It is not alleged that the judge's charge was incorrect or was not clearly expressed. The attempt is made to support the ground [thus set up, for a new trial] by the affidavit of one of the jurors; but *he cannot be permitted to impeach the verdict.*" (Italics ours.)

In State v. Corcoran, 50 La. Ann. 453, 23 So. 511, this court held that:

"A juror cannot be heard to impeach his own verdict. Nor can this be done indirectly, through a third person testifying to remarks made by a juror after the verdict. The law and *motives of public policy* alike exclude such testimony"—citing State v. Beatty, 30 La. Ann. 1267; State v. Price, 37 La. Ann. 218; State v. Morris, 41 La. Ann. 785, 6 So. 639. (Italics ours.)

See, also, Campbell v. Miller, 1 Mart. (N. S.) 514; Cire v. Rightor, 11 La. 140; State v. Caldwell, 3 La. Ann. 435; State v. Brette, 6 La. Ann. 652; State v. Fruge, 28 La. Ann. 657; State v. Wallman, 31 La. Ann. 146; State v. Nelson, 32 La. Ann. 842; State v. Chretien, 35 La. Ann. 1031; State v. Bird, 38 La. Ann. 497; State v. Richmond, 42 La. Ann. 299, 7 So. 459; State v. Ferguson, 114 La. 78, 38 So. 23; State v. Barrett, 117 La. 1091, 42 So. 513; State v. Williams, 124 La. 784, 50 So. 711.

In State v. Millican, 15 La. Ann. 557, this court said:

"A juror cannot be heard to impeach the verdict which he has rendered. * * * He is not allowed to prove the misconduct of his fellow jurors, nor to show that they erred in the formation of their verdict, *either by disregarding or misconstruing the charge of the judge.* In both cases, the object of introducing the testimony is to impeach the verdict; and that renders the witness incompetent"—citing State v. White, 13 La. Ann. 573. (Italics ours.)

In Digard v. Michaud, 9 Rob. 387, this court held that:

"After a verdict has been rendered, it is not in the power of any number of the jurors, *nor all of them,* to deprive the party who has obtained it, of any advantage resulting therefrom. *No declaration, though under oath, of any member of the jury, as to the reasons which led to the verdict, can be listened to.*" (Italics ours.)

See, also, 16 Corpus Juris, p. 1236, § 2750½.

### Decree.

The judgment appealed from is therefore affirmed.