THOMPSON, J.
 

 The defendant appeals
 

 from a conviction and sentence for the crime of manslaughter.
 

 The only question submitted for consideration is the refusal of the trial judge to hear certain evidence offered by the defendant on a motion for a new trial and to the overruling of that motion.
 

 The motion for a new trial alleged that thei jury, in violation of their duty and in contravention of the law, entered into an agreement to bring into court and to return as their verdict such verdict as a majority of the jurors would recommend; “that this agreementl was entered into solemnly and binding before' deliberating upon the ease; and that, while the verdict appears to have been unanimous, it was in truth not unanimously voted, but that in accordance wih the illegal agreement those for acquittal surrendered their opinion and voted for conviction.”
 

 On the trial of the motion the defendant placed a member of the jury on the stand, and asked him the following question:
 

 “Is it not a fact that the jury, after having retired to their room for deliberation, agreed to abide by and carry in and report as your finding whatever verdict a majority of said jury would agree?”
 

 To which question the state objected, on the ground that the juror could not be heard to impeach his own verdict and all evidence of that character was illegal and inadmissible.
 

 The objection was sustained and no further testimony was sought to be introduced concerning the alleged misconduct of the jury.
 

 The ruling of the court was obviously in accordance with the common law and the uniform holding of this, court.
 

 In State v. Price, 37 La. Ann. 218, several members of the jury, immediately or shortly after their discharge, openly stigmatized the verdict as iniquitous, and stated they were convinced of the defendant’s innocence, and proceeded to detail what took place in the jury room and how the jurymen who were convinced of the defendant’s innocence were induced to forswear and join in a verdict of guilty. Six jurymen were offered to be sworn to prove these allegations.
 

 This court held that the judge properly refused to hear them.
 

 “The rule is of universal acceptance that jurymen will not be permitted to impeach rtheir own verdict and thus declare their own perjury, for one oath would but offset the other.
 

 '"’“Both public decency and public policy alike -demand the rejection of such testijflimy” — citing State v. Caldwell, 3 La. Ann. 435; State v. Brette, 6 La. Ann. 653; State v. Millican, 15 La. Ann. 557. See, also, cases cited in State v. Howard, 144 La. 98, 80 So. 213; State v. Veillon, 160 La. 193, 106 So. 780.
 

 If the charge made against the jury in the instant case be true, then the conduct of the jury cannot be too severely condemned. A verdict of guilty, delivered pursuant to such an agreement, is an outrage upon public justice, as well as a palpable violation of the constitutional right of the defendant to a fair and impartial trial by a fair and impartial jury.
 

 But, -however strong might be the appeal to relieve the defendant from such an iniquitous method by which the jury rendered a verdict of guilty, the court cannot violate its own solemn duty and obligation by overruling or ig
 
 *101
 
 noring altogether a rule of law and jurispru- ( denee which has been sanctioned by the courts without exception for ages and which has been declared to be founded on the basic principle of public decency and public policy.
 

 To permit a juror to testify to his own perfidy would be no less an outrage upon public decency and public justice than was the alleged agreement by which a verdict was delivered against the defendant.
 

 It is a principle of universal recogni-^ tion, applicable alike in criminal as well asj civil procedure, that no one is permitted to al-/ loged or to prove his own turpitude as a basis! for setting aside his own deliberate and voluntary act, except, perhaps, in cases specially11 exempted from the rule.
 

 Counsel for defendant, while appreciating the universal recognition of the rule which prohibits a juror from being heard to give evidence which would impeach his own verdict, argues that such rule cannot be applied in this state since the passage of Act 157 of 1916, which statute, it is contended, repeals all laws and jurisprudence theretofore existing in this state on the subject-matter.
 

 The title of the act is:
 

 “To declare who shall be competent witnesses in civil and criminal eases.”
 

 And in the first section it is enacted that the competent witness in any proceeding, civil or criminal, shall be a person of proper understanding, but private conversations between husband and wife shall be privileged, and that neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint, or other criminal proceeding against the other.
 

 It is perfectly obvious that this statute is limited in its application to the competency of witnesses and did not in any manner change or attempt to change the rules governing the admissibility or inadmissibilty of evidence either in civil or criminal cases.
 

 The proviso that private conversations between husband and wife shall be privileged was but a legislative recognition and affirmation of a well-established rule which goes ,to the competency of such witnesses, as well as to the admissibility of such proffered testimony.
 

 Counsel certainly cannot be serious in his contention that the provision referred to was intended to be exclusive and to open wide the door for the admission of all evidence which is otherwise declared by law and jurisprudence to be incompetent or privileged.
 

 To carry counsel’s contention to its logical conclusion, no attorney could claim exemption from testifying to an admission or a confession of guilt made to him by his client in the course of his employment. Such a proposition is unthinkable.
 

 If the conduct and practice of jurors such as here complained of prevails to any extent in this state as suggested by counsel in oral argument, then the remedy must be found in some other branch of the government, or in some other manner than is sought in this ease.'
 

 The verdict and sentence are affirmed.
 

 O’NIELL, C. J., dissents.