The judgment appealed from is in our opinion correct, and it is hereby affirmed.

---

(50 South. 711.)

No. 17,821.

STATE v. WILLIAMS.

(Nov. 15, 1909.)

1. CRIMINAL LAW (§ 706*) — NEW TRIAL — THREAT OF PERJURY PROSECUTION.

Although one or more witnesses were told that the district attorney had said that he would prosecute witnesses in the case for perjury if they perjured themselves, it will not be considered as a threat, affording ground to set aside a verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1661; Dec. Dig. § 706.*]

2. CRIMINAL LAW (§ 658*)—NEW TRIAL—ARREST OF WITNESS FOR PERJURY.

The witness arrested on the trial for perjury, after he had testified, was not arrested in presence of the jury; nor was it proven that the witnesses were aware of his arrest before they testified.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1534½; Dec. Dig. § 658.*]

3. CRIMINAL LAW (§ 957*) — VERDICT — IMPEACHMENT BY JURORS.

Jurors cannot be heard to impeach their own verdict, particularly when it is a fair inference that the evidence of other witnesses might have been offered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2392–2395; Dec. Dig. § 957.*]

4. CRIMINAL LAW (§§ 1037, 1154*)—REMARKS OF DISTRICT ATTORNEY — TIME FOR OBJECTION—PREJUDICIAL EFFECT.

It is not evident that the remarks of the district attorney in argument before the jury, to which objection was urged only on the motion for a new trial, were prejudicial. If they were, the objection was not timely urged.

The court restrains counsel when their remarks are intemperate and go beyond the bounds of propriety. It is a matter largely of discipline, generally affording no grounds of complaint on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1691, 2645, 3059; Dec. Dig. §§ 1037, 1154.*]

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Alex Williams was convicted of murder, and he appeals. Affirmed.

Taylor & Smitherman, for appellant. Walter Guion, Atty. Gen., Hubert N. Wax, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

BREAUX, C. J. This is an appeal from a sentence and judgment of the district court condemning the defendant to suffer the extreme penalty of the law on the charge, set out in the indictment, of having murdered Walker McMichael on the 23d day of May, 1909.

The motion for new trial presents the grounds of defense.

These grounds are:

First, that the verdict was contrary to the law and the evidence.

We will dispose of that ground with the statement that this general allegation has never been held sufficient, on appeal, to set aside a verdict.

The second ground of defense is that the district attorney intimidated witnesses by threatening to have them arrested for perjury if they did not tell the truth, and that one of defendant's witnesses, George Williams; was arrested for that offense at the instance of the district attorney, at the moment he was discharged, in the presence of the jury and to their knowledge, as well as to the knowledge of other witnesses who had not yet testified; that the witness thus arrested had not committed the crime for which he was arrested.

The next ground of the motion for a new trial was that in the argument the prosecuting officer expressed the belief that the accused was guilty and asked the jury to convict him.

Still another ground brought up on the mo-

tion for a new trial is that the jurors were improperly influenced in the room of deliberation by the statement of one of the jurors about the accused carrying arms to attack a white man named.

The district attorney filed a written motion to dismiss the application for a new trial on different grounds—among them, that the application was not sustained by the affidavit of the defendant, nor by the affidavit of any of the witnesses.

However well grounded this motion is in some respects, we decline to sustain it as a whole. In favorem vitæ technical objections are passed, to consider other points made in defense of the accused. And to ascertain if the defense presents grounds for reversing the verdict and judgment, we, as just stated, pass that motion; in other words, we decline to grant the motion to dismiss.

Recurring to the second ground for discussion, to wit, the intimidation of witnesses by an assertion of the district attorney, made before the trial, that he would have witnesses arrested for perjury if they did not tell the truth, there is no evidence upon the subject except the statement of the district attorney, who says that he had heard of contemplated impropriety in that respect, which prompted him to make the remark.

There is nothing serious in this point.

The further ground alleged by the defendant is that one of his witnesses, George Williams, was arrested for perjury at the instance of the state, through the prosecuting officer, in the presence of the jury, before verdict.

The arrest of a witness in the presence of and to the knowledge of the jury is cause sufficient to reverse a verdict.

It does not appear that the facts are entirely as stated by the defense.

A number of witnesses were examined to sustain the defendant on this point.

The first witness for the defendant was the district attorney, who said that he did not have the witness Williams arrested in the presence of the jury.; that, while it is true that he had him arrested on the charge of perjury, he told the arresting officer in a low tone of voice to have an eye to the witness; that he was careful not to let the jury know of the intended arrest.

The officer by whom the arrest was made testified that the witness George Williams was about 18 or 20 feet from the jury at the time; that the jury was being retired to the jury room when the district attorney directed him to place the witness in prison; no demonstration was made; witness was quietly told to follow him. This witness further stated that he had been requested by counsel for defendant to keep all knowledge of the arrest from the other witnesses of the accused, and to make the arrest quietly, and that he complied with this request.

We can only say, in regard to this point, that it does not appear that the jury had knowledge of the arrest. Every precaution was taken to keep the matter quiet.

We have noted that counsel for the accused knew that the witness George Williams, would be arrested. He contented himself with directing the deputy sheriff not to let it be known.

The evidence before us does not admit of the conclusion that anything was done by either of the officers to improperly influence the jury or intimidate the witnesses.

Verdicts, sentences, and judgments would become very uncertain, if the reviewing court upon the evidence before us were to annul them.

The evidence must be positive, and give rise to a reasonably certain state of facts, in order to sustain the point urged.

We pass to the next point urged, to wit, that the testimony of certain jurors offered by defendant to be sworn was admissible to prove that the jurors knew of the arrest before the verdict had been rendered.

We have noted that the application to have this testimony admitted was not sustained by the oath of the accused, nor was affidavit produced to sustain the fact alleged. It was not evident that the proposed evidence could not have been discovered before the motion for a new trial was filed. It is not stated when the defense was made aware of the irregularity charged.

Under the circumstances of this case, the evidence was not admissible.

There were witnesses present, who could have testified as to this extraneous fact, if it be as alleged. They were not called upon to testify; but defendant chose to single out a few of the jurors, without making an affidavit to base the allegation for a new trial.

But, without regard to facts stated above, jurors could not be heard to impeach their own verdict. It was not an extraneous fact exclusively within their knowledge in regard to which testimony could be heard.

Courts have been extremely slow in admitting testimony of jurors themselves to impeach their own verdict. They are not heard as to the reasons which lead to the finding of a verdict.

It must be presumed, to a reasonable extent, at least, that the district judge would have been aware of any impropriety in this respect, and he would have interposed his authority to put an end to it, to prevent the least attempt in the direction of in any way influencing the jurors or witnesses.

His statement does not lead to the inference that the facts are as alleged by the defendant.

In order to give strength and vitality to that point, it would have required other evidence than was produced.

The verdict cannot be set aside, and the case remanded; it not being reasonably certain that any of the jurors knew anything about the arrest, or that the witnesses were at all intimidated.

The further contention is presented on the part of the accused, upon a point somewhat similar, that during the course of the deliberations of the jury, before they agreed upon a verdict, one of the jurors told the other members of the jury that some months ago the accused had carried a gun for the purpose of inflicting bodily harm upon a white man, naming him.

If this complaint is sustained by the facts, it involves a matter which took place within the room of deliberation and while the jury was deliberating.

This statement was clearly not admissible. It could not be proved, even if as alleged by a juror.

The defendant not having sustained his application under proper oath, the testimony was not admissible. The authorities are very clear upon the subject. It is settled by many decisions. See State v. Corcoran, 50 La. Ann. 453, 23 South. 511; State v. Bates, 38 La. Ann. 491; State v. Price, 37 La. Ann. 215; State v. Beatty, 30 La. Ann. 1266; State v. Fruge, 28 La. Ann. 657.

The next complaint of the defendant is that the district attorney, in addressing the jury, added to the force of his own evidence on the trial by stating that he believed the accused guilty.

The foregoing is the complaint set out in the motion for a new trial; but the bill of exceptions taken to the court's ruling overruling the motion contains no reference to this objection.

Be this as it may, it does not appear, even by the allegations of the motion for a new trial, that any objection was made at the time to the remarks of the district attorney. The judge was not called upon to check his line of argument. The objection was raised the first time on the hearing of the motion for a new trial, really too late to have the motion considered.

It is not to be assumed that the remarks were prejudicial. Counsel for the defend-

ant would not have permitted them to remain unobjected to.

Learned counsel, in support of this point, confidently quotes from Marr's Digest, p. 764.

The text does not impress us as it has learned counsel. The subject is treated by it as an impropriety, not as cause sufficient to set aside a conviction.

We have examined the decisions which give support to the text. They do not sustain defendant's contention.

The first of these decisions in date is State v. Johnson and Butler, in which the court, while mildly disapproving of the remarks made by the prosecuting officer, declined to set aside the verdict.

In State v. Forbes, 111 La. 476, 35 South. 710, the syllabus correctly lays down the rule, to wit, that intemperate utterances of counsel should have been restrained, and that failure to restrain the counsel does not have the effect of vitiating the verdict.

In State v. Thompson, 109 La. 298, 33 South. 320, the views expressed were substantially similar.

In State v. Fourchy, 51 La. Ann. 228, 25 South. 109, the court said that the objection was not ground for reversal, although the remarks were improper.

In State v. Meche, 114 La. 231, 38 South. 152, the court approvingly quotes from State v. Johnson, 48 La. Ann. 87, 19 South. 213, and again, although the remarks of the district attorney were not what they should have been, the court declined to set aside the verdict.

In State v. Clayton, 113 La. 782, 37 South. 754, the improper remarks of the district attorney were again referred to by the defense as ground to set aside the verdict, and again the court, while not approving the remarks, held that they were not ground for setting aside the verdict.

The ruling was similar in State v. Young, 114 La. 686, 38 South. 517.

To resume: The witnesses were not intimidated. The arrest was not made in the presence of, nor to the knowledge of, the jury before verdict.

The testimony of jurors is not admissible to prove extraneous facts, in the absence of the least evidence going to show that there was no other evidence to be had than that of the jurors themselves.

The remarks of the district attorney afford no ground to set aside the verdict.

For these reasons we are constrained to the conclusion that we would not be warranted in disturbing the verdict.

For the reasons assigned, the verdict, sentence, and judgment are affirmed.