PEOPLE v. STRAUSS.

(Supreme Court, Appellate Division, Second Department. December 18, 1914.)

1. CRIMINAL LAW (§ 627½*)—INSPECTION OF GRAND JURY MINUTES—RIGHT TO INSPECT.

Where accused delayed nearly a year after indictment and arraignment, before moving for leave to inspect the minutes of the grand jury, for the purpose of moving to dismiss the indictment because the facts before that body were not sufficient to warrant it, his motion must be denied on account of laches.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. § 627½.*]

2. CRIMINAL LAW (§ 1023*)—APPEAL—ORDERS APPEALABLE.

A motion for leave to inspect the minutes of the grand jury, so as to move to dismiss on the ground the evidence did not warrant the indictment, is addressed to the sound discretion of the trial court, and a denial is not appealable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

Appeal from Nassau County Court.

Samuel Strauss was indicted. From an order denying his motion for leave to inspect the minutes of the grand jury, for the purpose of making a motion to dismiss the indictment on the ground the facts did not warrant it, he appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Charles Pope Caldwell, of New York City, for appellant.
Charles R. Weeks, Asst. Dist. Atty., of Mineola, for the People.

RICH, J. This appeal is from an order of the County Court of Nassau County, denying defendant's motion for leave to inspect the minutes of the grand jury for the purpose of making a motion to dismiss such indictment upon the ground that the facts before that body were not sufficient to warrant the findings of the indictment. The in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dictment is for seduction under promise of marriage; it was found on October 24, 1913; the defendant was arraigned on the 29th of that month, and after pleading not guilty was released, pending trial, on bail.

[1, 2] The motion was properly denied on the ground of laches, and the order must be affirmed; but there is another reason for the affirmance. The motion was addressed to the sound discretion of the court, the order is not appealable, and we are therefore without power to review it. Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793; People v. Wendel, 128 App. Div. 437, 438, 112 N. Y. Supp. 837; People v. Zerillo, 140 App. Div., 902, 125 N. Y. Supp. 1137.

The order of the County Court of Nassau County must be affirmed. All concur.