BRUNOT, Justice.
 

 The defendant was tried upon four indictments, in each of which he is charged with
 
 *295
 
 the crime of “wilfully, feloniously and unlawfully breaking and entering a dwelling house, in the day time, with intent to steal.”
 

 The indictments were consolidated and tried together. In three of them the crime is charged to have been committed on dates prior to October 16, 1932, and the fourth charges that the crime was committed on that date. The trial resulted in the conviction of the defendant, for the crime charged to have been committed on October 16, 1932, and in his acquittal of the crime charged in each of the other indictments. A motion for a new trial was heard and overruled, and the defendant was sentenced to serve a term in the Louisiana state penitentiary. From that verdict and sentence the defendant appealed.
 

 There are twelve bills of exception in the transcript. Bill No. 11 has been abandoned. Bill No. 12 was reserved to the overruling of a motion for a new trial. In addition to the averment that the verdict is contrary to the law and the evidence, the motion merely reiterates the objections noted in bills Nos. 1 to 11, both inclusive. We find no merit whatever in bills Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 10, and we think it would be a useless waste of time to give them serious consideration. Where bills are reserved to remarks of the district attorney, to the court, before the trial begins, or to a ruling permitting a co-defendant to testify in a case in which he is not on trial, or where an accused is denied the right to testify to immaterial and irrelevant letters written by him to third persons prior to the commission of the crimes for which he is on trial, as was done in this case, presents issues too well fixed in the jurisprudence of this state to require reference to the authorities. The defendant, however, has reserved one bill which, jn our opinion, has merit. It is bill No. 9. The record discloses that Alfred Ratcliff, an alibi witness for the defendant, testified that he and the defendant were in Colorado on the dates three of the crimes charged are alleged to have been committed, and that they returned to Jackson parish, La., on the morning of October 16, 1932. Upon this witness leaving the stand, the district attorney asked the court, in- the presence of the jury, for the issuance of a bench warrant for the arrest of the witness on the charge of perjury. Th.e court issued the warrant and delivered it to the sheriff. The sheriff asked the witness to follow him, and, after they had left the courtroom, the witness was placed under arrest, but was immediately released on bond, and returned
 
 to
 
 the courtroom.
 

 The bill alleges that the application for and the issuance of the warrant in the presence of and to the knowledge of the jury was prejudicial error. Under the circumstances stated, we think it was, and, inasmuch as counsel for defendant objected and immediately filed a motion for the entry of a mistrial, which motion was overruled and this bill reserved to that ruling, we think the verdict and sentence should be set aside and the case remanded. In State v. Williams, 124 La. 779, 50 So. 711, 712, this court said:
 

 “The arrest of a witness in the presence of and to the knowledge of the jury is cause sufficient to reverse a verdict.”
 

 In this case the arrest was not made in the actual presence of the jury, but jurors are
 
 *297
 
 rational beings, and what actually transpired in their presence and to- their knowledge could leave but one impression upon the mind of a normal person intently observing every incident of the trial. In State v. Hidalgo et al., 167 La. 628, 120 So. 31, 32, the court said:
 

 “Our jurisprudence is conflicting as to whether the issuing of a bench warrant on the motion of the district attorney, in the presence of the jury, for the arrest of a witness for perjury, who has just testified, is fatal to the verdict, as constituting an expression of opinion by the trial judge, in the presence of the jury, as to the credibility of the witness. In State v. Strado, 38 La. Ann. 562, this court ruled that the issuing of such a warrant, in the presence of the jury, on the motion of the district attorney, was not fatal to the verdict. On the other hand, it was said, in State v. Williams, 124 La. 779, 50 So. 711, that the arrest of a witness for perjury, at the instance of the state, in the presence and to the knowledge of the jury, would constitute sufficient cause to annul the verdict, though in that case the verdict was not annulled, because the court found that it was not reasonably certain that thg jury had any knowledge of the arrest.”
 

 The facts of this ease impress us with reasonable certainty that the jury had some knowledge of the arrest of the witness. The judge, in his per curiam, does not say that they were unaware of the arrest; he merely says:
 

 “In my opinion, the incident did not prejudice the jury against the defendant.”
 

 Whether or not the incident was, in fact, prejudicial to the defense, is a mere matter of opinion.
 

 Eor the reasons stated, the verdict and sentence appealed from are avoided and set aside, and this case is remanded for a new trial according to law.
 

 ST. PAUL, J., absent