THE STATE v. FELIX FRANCIS McDONALD, Appellant.—119 S. W. (2d) 286.

Division Two, August 17, 1938.

*Verne R. C. Lacy* for appellant.

*Roy McKittrick*, Attorney General, *William W. Barnes* and *Wm. Orr Sawyers*, Assistant Attorneys General, for respondent.

BOHLING, C.—Felix Francis McDonald appeals from a judgment imposing a sentence of sixty years' imprisonment under Section 4020, Revised Statutes 1929 (Mo. Stat. Ann., p. 2827) for the kidnaping of Isaac Dee Kelley. He admits a case made by the State. The case reaches the writer upon reassignment.

The indictment, charging appellant and others, was returned into the Circuit Court of St. Louis County on March 13, 1934, and the cause was assigned to Division No. 3 of said court. On March 14, Judge Fred E. Mueller of said Division disqualified himself and

the cause was transferred to Division No. 4. On June 11, 1934, said defendants filed a joint application alleging they were proceeding under the third clause of Section 3648, Revised Statutes 1929 (Mo. Stat. Ann., p. 3203), to disqualify Judge Robert W. McElhinney, Judge of Division No. 4 of said court, on the ground said Judge was "prejudiced against your petitioners." Whereupon, the court transferred said cause to Division No. 1 of said court. On January 21, 1935, appellant filed an application alleging that he was proceeding under said Section 3648 to disqualify Judge Julius R. Nolte, Judge of Division No. 1 of said court, on the ground said Judge "will not afford your petitioner a fair trial." Each of said applications alleged it was supported by the affidavits of two reputable persons, not of kin to or counsel for the defendant, and the supporting affidavits were filed with their respective application. Judge Nolte overruled the second application and appellant asserts error thereon.

Under said Section 3648 judges are deemed incompetent to hear and try causes under four specified conditions, the conditions here involved being: ". . . or, third, when the judge is in anywise interested or prejudiced, or shall have been counsel in the cause; or, fourth, when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons, not of kin to or counsel for the defendant, that the judge of the court in which said cause is pending will not afford him a fair trial." Section 3649, Revised Statutes 1929 (Mo. Stat. Ann., p. 3204), designates an application to disqualify a trial judge under said Section 3648 an "application for change of venue," and Section 3637, Revised Statutes 1929 (Mo. Stat. Ann., p. 3198), provides ". . . and in no case shall a second removal of any cause be allowed." Said statutory enactments constitute a portion of our general code of criminal procedure and State ex rel. McAllister v. Slate, 279 Mo. 570, 585, 214 S. W. 85, 90 (13), treating historically of the law, refers to Revised Statutes 1835, page 486, Section 15, et seq. Said Section 15, in part, read: "When any indictment, or criminal prosecution, shall be pending in any circuit court, the same shall be removed by the order of such court, or the judge thereof, to the circuit court of some county in a different circuit, in either of the following cases: [Here follow four specified circumstances or grounds, embracing, in practically identical language, grounds designated "First," "Second," and "Third" in now Sec. 3648, supra]." Section 23, page 487, Revised Statutes 1835, is now Section 3637, supra; and it is manifest that in 1835 the clause ". . . and in no case shall a second removal of any cause be allowed" of said Section 23, embraced removals under then Section 15 for causes resting upon the disqualification of trial judges. This appears to have been the declared policy of this State from the beginning (Ter. Laws, Vol. 1, p. 1018, sec. 1; R. S. 1825, p.

787, sec. 2; Laws 1833, Vol. 2, p. 391, sec. 9). Consult State v. Greenwade, 72 Mo. 298, 302 (4), 304; State v. Anderson, 96 Mo. 246, 247(4), 9 S. W. 636, 638; State v. Callaway, 154 Mo. 91, 96, 55 S. W. 444, 445; State v. Wagner, 311 Mo. 391, 404, 279 S. W. 23, 26(3); State v. DeShon, 334 Mo. 862, 865, 68 S. W. (2d) 805, 807(1) (stating: ". . . we have consistently ruled that the applicant is entitled to only one change of venue," a case wherein appellant had filed an application to disqualify the three judges of the Circuit Court of Buchanan county on the ground each was biased and prejudiced).

But, the County of St. Louis constitutes the Thirteenth Judicial Circuit [Sec. 1977, R. S. 1929, Mo. Stat. Ann., p. 2621] and statutory enactments exist for the substitution of trial judges in said circuit [Secs. 14611-14630, R. S. 1929, Mo. Stat. Ann., p. 2634-2640; Laws 1909, pp. 408-410; Laws 1929, pp. 157-161]. Section 14626 relates to the substitution of trial judges. In State v. Rosegrant, 338 Mo. 1153, 1161(2), 93 S. W. (2d) 961, 965(4, 5), we considered Section 14626 embraced criminal causes pending in said Thirteenth Circuit. It is apparent from the provisions of said Section 14626 (". . . Only one such application shall be made by the same party in the same case. . . . If application for a change of venue in either division be made for any other cause or causes than the foregoing against the judge of the other divisions, the judge before whom the same is made shall determine whether or not the facts exist as charged against the other judges, and if all the judges are disqualified, then such change may be allowed to the circuit court of some other country . . .") that if appellant desired to attack the competency of Judge Nolte to preside, then such attack should have been incorporated in the application filed before Judge McElhinney for Judge McElhinney to determine. Not having done so, appellant's election to disqualify Judge McElhinney exhausted his statutory rights to disqualify other trial judges of said Thirteenth Circuit. Consult State v. Wagner, 311 Mo. 391, 405-7, 279 S. W. 23, 27(4, 5); State v. Messino, 325 Mo. 743, 760(II), 30 S. W. (2d) 750, 757(5-7). Appellant's cases [State ex rel. v. Slate, supra; and State v. Mitts (Mo.), 29 S. W. (2d) 125] did not involve a substituted judge.

■ Reversible error was not committed in overruling appellant's motion to disqualify the sheriff and deputy sheriffs of St. Louis County. The motion alleged said officials were prejudiced against defendant and would not impartially perform their official duties. " 'It has long been the settled law of this court that the disqualification of the sheriff under this section [Sec. 1845, R. S. 1929, Mo. Stat. Ann., p. 2565] is a matter of discretion with the court, and unless there is some showing that the discretion exercised was arbitrary and unjust, the action of the court will not be overruled.' " [State v. Boesel (Mo.), 64 S. W. (2d) 243, 245(1), quoting State v. Young,

314 Mo. 612, 286 S. W. 29, 32(5), and citing cases.] "This, for the very sufficient reason that in the absence of prejudice there is no ground of complaint." [State v. Stewart, 274 Mo. 649, 656, 204 S. W. 10, 12(2).] Appellant makes no claim of any improper conduct on the part of said officials during the progress of the trial and we fail to find any misconduct of record. But we need not base our ruling thereon. Defendant relied upon the testimony of Tom Galanos and the aid accorded the prosecutor's office by the sheriff's office to sustain the motion. The testimony of Galanos was in conflict with the testimony of the officials on the factual issues material to the motion and, under the record, the court was at liberty to accept the testimony of the officers and discard that of Galanos. Appellant did not undertake to affirmatively establish any specific misconduct on the part of the officers with reference to any person other than Galanos. The fact that they cooperated with the prosecutor's office in an effort to obtain the truth of facts involved in the kidnaping did not necessarily establish (and the instant record refutes the conclusion that it did establish) such interest or prejudice against defendant as to disqualify them.

The court correctly overruled appellant's motion for an order on the prosecuting attorney to inspect the minutes of the grand jury's proceedings. The stated purpose of the motion was the possible impeachment of State witnesses in the event their testimony at the trial should be inconsistent with said minutes, which, with the stated reason that appellant knew of no other method for ascertaining the testimony of witnesses before the grand jury, constituted appellant's objections to the court's ruling.

Impeachment of witnesses for variations in testimony before a grand jury and at the trial is usually accomplished through some member of the grand jury or other person lawfully in attendance thereon, and not from the minutes kept by said body. [Consult State v. Thomas, 99 Mo. 235, 258 (IV), 12 S. W. 643, 650(4); State v. Whelehon, 102 Mo. 17, 23, 14 S. W. 730, 731.] Section 3522, Revised Statutes 1929 (Mo. Stat. Ann., p. 3138), provides for the appointment of one of the grand jurors as clerk to preserve minutes of the proceedings and of the evidence given before them, and for the delivery of said minutes to the prosecuting official. Section 3516, Revised Statutes 1929 (Mo. Stat. Ann., p. 3136), gives a form of oath for grand jurors, embracing secrecy. Section 3535, Revised Statutes 1929 (Mo. Stat. Ann., p. 3142), prohibits grand jurors disclosing any evidence adduced before the grand jury, "except when lawfully required to testify as a witness in relation thereto. . . ." Section 3533, Revised Statutes 1929 (Mo. Stat. Ann., p. 3141), insofar as material authorizes grand jurors to testify "whether the testimony of a witness examined before such jury is consistent with or differ-

ent from the evidence given by such witness before such court. . . ." So far as here involved the common law rule preserving the secrecy of grand jury proceedings has been modified by statute in this State only to the extent indicated. The statutes accord an accused the right to take depositions (consult Secs. 3621-3623, R. S. 1929, Mo. Stat. Ann., p. 3190), including the depositions of parties appearing before a grand jury (see Ex parte Welborn, 237 Mo. 297, 141 S. W. 31). Article 13 of Chapter 5 (Secs. 924-929, R. S. 1929, Mo. Stat. Ann., pp. 1203-1207), relating to the production and inspection of books and papers in our civil code, is no authority for appellant because the production of books and papers thereunder is not authorized upon the possibility of the impeachment of witnesses or for prying into an adversary's preparation for trial (State ex rel. v. Hall, 325 Mo. 102, 106, 27 S. W. (2d) 1026, 1028(3)).

Appellant's motion specified the testimony of no given witness or factual issue or issues sought to be reached; but called for a blanket inspection of said minutes irrespective of whether they covered relevant or irrelevant matter. These minutes, inadmissible in evidence under State v. Thomas, supra, constituted no substantive proof of appellant's guilt or innocence. The motion affirmatively discloses that the witnesses had theretofore testified at another trial involving the same offense. State v. Pierson, 343 Mo. —, 123 S. W. (2d) 149, mentions that an inspection of the minutes of a grand jury is not a matter of right but rests in the discretion of the court, citing 16 Corpus Juris, page 801, section 2037, n. 28. 2 Wharton on Criminal Evidence (11 Ed.), page 1355, nn. 18 and 19, states: "It is also the general rule that an accused in a criminal case has no right to an inspection of the minutes of the grand jury returning the indictment against him, either before or during the trial, but this is a matter resting in the discretion of the court, and, where some special reason exists, such as to enable the accused to properly move to set aside the indictment, he may be permitted to inspect the minutes of the proceedings." [16 C. J., p. 802, nn. 39, 40, is to like effect. Consult 3 Wigmore on Evidence (2 Ed.), secs. 1851, 1855a, 1859g; 5 Jones on Evidence (2 Ed.), 2206; Annotations in 27 L. R. A. (N. S.) 558 and 52 A. L. R. 207; State ex rel. v. Hall, supra.] Chief Justice CARDOZO in People ex rel. v. Supreme Court, 245 N. Y. 24, 156 N. E. 84, 52 A. L. R. 200, 205, observes: "The object of such inspection is not to supply the accused with evidence in advance of trial. The object is to lay the basis for a motion to dismiss the indictment where there is reason to believe that the evidence before the grand jury is insufficient or illegal." People v. Strauss, 165 App. Div. 58, 150 N. Y. Supp. 991, justified the refusal of such a motion on the ground of laches where the indictment was found on October 24, 1913, and the order of refusal was entered on July 25, 1914. In the instant case

appellant was indicted March 13, 1934, and the motion to inspect was overruled January 12, 1935. So, the motion was properly ruled because its stated purpose was not within the proper scope of such motions; appellant was guilty of laches; its allegations were too general; it presented nothing more than a possibility or suspicion that the testimony of the State's witnesses might differ; and it was a general fishing expedition into the minutes of the grand jury.

Immediately prior to the *voir dire* examination of the jurors, appellant filed an application for a continuance, alleging the absence of one Grady, confined in the Iowa State penitentiary, and that appellant, if able to raise the necessary funds, would take said Grady's deposition. The application was overruled and error is assigned. Appellant's application disclosed that the facts to be established by said Grady's testimony were the result of arrangements had between the prosecuting witness and one Hayes. There was no showing why all of said facts could not be established by said Hayes. The application states that appellant had just come into knowledge of the testimony mentioned in the application. A counter affidavit was to the effect appellant had knowledge of the testimony for three weeks or more. The application made no showing of what diligence, if any, had been used by appellant in the premises. [State v. Hubbard (Mo.), 295 S. W. 788, 790(2).] That a continuance would result in securing the witness' testimony was speculative. In sustaining the overruling of an application for continuance, based, in part, on the absence of a nonresident witness, we said in State v. Ward, 337 Mo. 425, 430(II), 85 S. W. (2d) 1, 3(1): "In the absence of a showing of an abuse of discretion on the part of the trial court, we are not willing to disturb its ruling on a matter of this kind and no such showing is here made." In the instant case there were a number of dilatory pleas. The application for a continuance was filed, according to the record, after appellant secured an order for a subpoena *duces tecum* for the alleged purpose of enabling "defendant herein to prove his innocence." We quote State v. Dettmer, 124 Mo. 426, 432, 27 S. W. 1117, 1118: "An application for a continuance must not only be *formally sufficient*, but one of its essential elements, its prominent feature, must be an *evident good faith*. It must not be a mere *dodge-trial-paper*. Whether good faith prompts the application, the trial court is obviously the better fitted, more accurately, to judge. For this reason it is that it has become the uniform rule of this court to defer to the trial court in such matters, and not to reverse its action, unless the party assailing that action makes it plainly to appear that the judicial discretion in that regard has been unsoundly or oppressively exercised." The point is ruled against appellant.

Lastly, appellant asserts error in the court's refusal to de-

clare a mistrial on the ground that the arrest of one of appellant's witnesses for perjury resulted in intimidating other witnesses for appellant and deprived appellant of testimony material to his defense.

Herman Cooperman testified to the effect he had observed the prosecuting witness and one John Rogers frequenting certain gambling places prior to the kidnaping, which testimony tended to impeach the prosecuting witness, who testified that, prior to the kidnaping, he did not know John Rogers and had never frequented gambling places. After leaving the witness stand and outside the presence of the jury, Cooperman upon order of one of the attorneys for the State, was taken into custody for perjury. A preliminary examination was had outside the presence of the jury. Upon the return of the jury, appellant's counsel established by Cooperman that he had been arrested and thereafter released upon the order of the court; and by Mrs. Brewer that she saw Cooperman in the hall escorted by men whom she thought were deputy sheriffs and decided she would not incriminate herself; that she did not know what Cooperman did and had no reason to believe he did not tell the truth; that she did not care to testify; and that she was afraid if she testified she would be arrested. The cases cited by appellant, State v. McKay, 89 S. C. 234, 236, 71 S. E. 858(3); State v. Williams, 124 La. 779, 782, 50 So. 711(1, 2); People v. Mahach, 65 Cal. App. 359, 375(3-5), 224 Pac. 130, 137(3-5); People v. Myers, 122 Cal. App. 675, 677(2), 10 Pac. (2d) 498(2), on the facts of record bearing on the issue in the respective cases, did not find error. The court informed the witnesses that all witnesses testified under the penalties of perjury; that if they testified to the truth they could not be successfully prosecuted; that she would be protected from arrest while in attendance upon the court; and, in overruling counsel's request for a mistrial, indicated the court took into consideration the fact that counsel had made no request at any time upon the court to direct the witness to proceed with her testimony. Counsel stated a number of witnesses would testify to the same facts (substantiate Cooperman's testimony), but no showing with reference to any of said witnesses was made. The defense rested with the testimony of one additional witness. Mistrials should not rest upon the mere whim of a witness. In these circumstances (aside from other possible reasons), before successfully predicating error upon Mrs. Brewer's refusal to testify, appellant should have invoked the aid of the court in eliciting from the witness such testimony as was proper tending to impeach the prosecuting witness.

Counsel makes no complaint as to matters of record proper. We find no reversible error therein. A number of issues involved in the record proper are discussed in State v. Rosegrant, 338 Mo. 1153, 93 S. W. (2d) 961.

The issues presented for review do not call for a remanding of the

case. Several pass off on the exercise of a discretion by the trial court. Accordingly, the judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.