STATE v. WILLIAM HAROLD HIGDON, Appellant.—No. 40074.—204 S. W. (2d) 754.

Court en Banc, October 13, 1947.

*Robert Y. Woodward* for appellant.

1060

*J. E. Taylor*, Attorney General, and *C. B. Burns, Jr.*, Assistant Attorney General, for respondent.

 BOHLING, C.—William H. Higdon appeals from a judgment imposing a sentence of two years' imprisonment upon a conviction of grand larceny. The information charged defendant with having committed burglary and larceny. The verdict of the jury found him guilty of larceny only. The evidence established that the sandwich shop of Mrs. Frances Clary at 4044 North Grand, St. Louis, Missouri, was broken into and in excess of $40 in money was taken on the night of September 3, 1945. Statements made by defendant were admitted in evidence, without objection, wherein he confessed his guilt and narrated how he had forced an entrance through the door, breaking it, and had taken the cash box and money therein. This, of course, was sufficient to submit defendant's guilt to the jury. There was no evidence offered on behalf of defendant. At the close of the case counsel requested the court to give an instruction on defendant's statements, stating that it was "the duty of the court to

instruct on all phases of the evidence." The court refused the request because there was no evidence whatsoever that defendant's statements were involuntary. Counsel was of opinion "that that was not the law" and excepted. The facts on the issue follow:

The larceny, according to defendant's statement, occurred after 1 A. M. September 4, 1945. Defendant heard the police were looking for him and about 7:30 or 8 P. M. of September 4 he voluntarily surrendered himself at the police station. Questioned by the police about 9 A. M. September 5, defendant denied his guilt. Defendant had been attentive to one of the waitresses in the sandwich shop and Mrs. Clary knew him. She saw him between 6 and 7 P. M. September 5 at the police station. He first told her he had not committed the offense but soon asked her: "Well, if your money were returned to you, Frances, would you agree not to prosecute me?" When Mrs. Clary did not answer, defendant did not say anything more. September 6, about 11 A. M. defendant told the officers at the station how he committed the offense; and his counsel now contends that, since Sec. 4346, R. S. 1939, makes 20 hours the limit for lawful detention for investigation without the filing of proper charges, holding defendant for 40 hours without any charge being preferred against him constituted force and duress in itself and required an instruction thereon when requested by counsel.

■ A confession of guilt is presumed to be voluntary until the contrary is shown. State v. Menz, 341 Mo. 74, 92, 106 S. W. 2d 440, 449[11] citing cases. If, however, defendant interposes an objection on the ground it was involuntary the State has the burden at the preliminary hearing. State v. Williamson, 339 Mo. 1038, 1048, 99 S. W. 2d 76, 81[9].

■ Section 4070, R. S. 1939, requires the court to instruct, whether requested or not, upon all questions of law necessary for the information of the jury; but an instruction on the voluntariness of a confession is on a collateral issue and is not required as a part of the law of the case. State v. Ramsey (Banc), 355 Mo. 720, 197 S. W. 2d 949, 957[12]. Defendant cites a number of cases to the effect that his request to the court for an instruction on the voluntary nature of the confession was sufficient. State v. Reed, 154 Mo. 122, 129, 55 S. W. 278, 280; State v. Moore, 160 Mo. 443, 460, 61 S. W. 199, 205. An opinion developing several features of the issue is State v. Gibilterra, 342 Mo. 577, 585[2], 116 S. W. 2d 88, 94[5-10].

■ Instructions on issues not supported by any evidence tend to authorize the jury to rove in reaching their verdict. Without evidence they are without a guide in their deliberations on the factual feature of the issue. An instruction giving the jury a roving commission to disregard admissions of guilt could not prejudice defendant; but it is proper to keep the jury within the law and the evidence and, hence, the instructions within declarations applicable

to the facts in evidence. State v. Kauffman, 329 Mo. 813, 824(b), 46 S. W. 2d 843, 847[5]; State v. Stanton (Mo.), 68 S. W. 2d 811, 813[11]; State v. Farmer (Mo.), 111 S. W. 2d 76, 79[4]; State v. Mundy (Mo.), 76 S. W. 2d 1088, 1091[6].

State v. Gibilterra, 342 Mo. 577, 585, 116 S. W. 2d 88, 94[5], states the rule: "If the issue is submitted to the jury and all the evidence shows the confession was voluntary, the court need not instruct thereon, even though requested to do so." State v. Ball (Mo.), 262 S. W. 1043, 1046[7], holds, absent evidence, the instruction should not be given. Ah Fook Chang v. United States, 91 Fed. 2d 805, 809 [6, 7]; Raarup v. United States, 23 Fed. 2d 547, 548[3], certiorari denied, 277 U. S. 576, 48 S. Ct. 559, 72 L. Ed. 996; 23 C. J. S. Criminal Law, p. 797, n. 42; 53 Am. Jur. Trial, Secs 579, 734; Annotation, 85 A. L. R. 870, and West's Digest, Crim. Law, Key No. 814(16).

Note the following cases:

In State v. Hershon, 329 Mo. 469, 485, 45 S. W. 2d 60, 65[1-4], defendant testified privately before the court that he had been brutally treated by the police and denied making a written confession. He did not take the stand and there was no like testimony before the jury. Held: It was not necessary to instruct the jury to disregard defendant's alleged statements if they were not voluntary.

In State v. McNeal (Mo.), 237 S. W. 738, 740[1, 2], a convict, charged with murder, gave a statement to the prosecuting attorney after having been in solitary confinement in the punishment hall of the penitentiary for nine days, giving his reason for wanting to talk that he could not endure standing on the concrete floor of punishment hall, being an old man and perhaps on account of his rheumatism. Held: Error was not committed in refusing an instruction to disregard his statements if not voluntarily made as his confession was presumptively voluntary and no inference contra arose from his detention in isolation for about 10 days and his release the day after his statements.

In State v. Ellis (Banc), 354 Mo. 998, 193 S. W. 2d 31, defendant was arrested December 14 and held outside the county and until December 17 before confessing, in violation of Sec. 4346, here involved, and also Sec. 8360, R. S. 1939, requiring the Highway patrol to take one in custody before the proper court to be dealt with according to law. We said "mental punishment may be more cruel than physical punishment. A confession extorted by mental punishment is as incompetent as one by physical punishment." (l. c. s 1004 [2] and 34[4], respectively.) The court gave an instruction offered by Ellis that his confessions should be rejected if involuntary on account of flattery, hope, torture, fear or long questioning. In considering this instruction fairly presented the issue of whether Ellis' confessions were voluntary under the facts in evidence, the court said: " . . . there is nothing in this case to show that the detention of Ellis out-

*side of his home county for a week* before taking him to the proper authorities *operated as a coercive influence* in bringing about his confessions. He made no claim when he was on the stand that this fact caused him any fear or in any other way induced him to confess unwillingly. . . . *If there had been any evidence* that these circumstances forced his confessions against his will then *the trial court,* in admitting the confessions in evidence, *would have instructed* the jury to consider such circumstances if requested to do so." (l. c. s 1004[2] and 33[1].) Italics ours.

The court also stated (l. c. s. 1003 and 33): "Directly in point is State v. Menz, 341 Mo. 74, 106 S. W. 2d 440, where we held that the failure to release a person held for questioning within twenty hours after his arrest under Section 4346, no charge having been filed, did not render any statement or confession made thereafter presumptively involuntary."

These authorities establish that the mere fact of one being in custody beyond the twenty hour period is, without more, no substantial evidence that a confession thereafter given is involuntary. This harmonizes with the statement in State v. Aitkens, 352 Mo. 746, 755, 179 S. W. 2d 84, 89[5]: "A confession is not presumptively invalid merely because it is taken by an officer while the accused is in custody. See many cases cited in 9 West's Mo. Digest 'Criminal Law,' Sec. 519 (3). There must further be some improper influence exerted by the officer." The fact of detention would operate upon the mental processes of an accused ▇ more forcibly than its legality or illegality, and, as considered, we perceive of no valid factual reason, absent evidence, causing a confession voluntarily given while detained to become involuntary merely because the detention was illegal.

In the instant case, the instruction was not required under Missouri cases because: 1st. There was no evidence or evidence upon which to base an inference that defendant's confession was involuntary. 2d. All the evidence on the issue affirmatively established that defendant's confession was voluntary and, if a presumption might arise from an illegal detention (which our cases say may not arise), in this case it disappeared in the light of the affirmative facts in evidence.

▇ For several reasons there is no merit in defendant's charge of error in refusing his request made in connection with the examination of a witness during the progress of the trial for a subpoena duces tecum for the police files for the purposes of "rebuttal and impeachment." All the testimony was that defendant's statements were oral. The witness involved did not undertake to tell what was in the police files. She never saw them. She did not know. There was not a scintilla of evidence that defendant made a written statement. No written statement or written report of his oral statements were used or referred to by any witness in giving his testimony. Consult 23

1064

C. J. S. Criminal Law, p. 58, Sec. 855; State v. Hancock, 340 Mo. 918, 926[8], 104 S. W. 2d 241, 246[8]; State v. McDonald, 342 Mo. 998, 1004, 119 S. W. 2d 286, 288[6].

██ The jury were authorized under the instructions to find defendant guilty of burglary and larceny or to find him guilty of one and acquit him of the other or acquit him of both. He was found guilty of larceny and sentenced to two years' imprisonment. This being the minimum sentence under the evidence, defendant is in no position to complain that part of the prosecutor's argument bearing no punishment was prejudicially erroneous.

Other matters in the brief are insufficiently developed to call for discussion. This, perhaps, may be said of the last issue mentioned. However, we have inquired into them as we understand the brief and the motion for new trial and find them without merit.

The judgment is affirmed.

PER CURIAM:—The foregoing opinion by BOHLING, C., in Division Two, is adopted as the opinion of the Court, en Banc. *Douglas*, *Ellison* and *Leedy, JJ.*, concur; *Clark* and *Hyde, JJ.*, concur in result; *Conkling, J.*, and *Tipton, C. J.*, dissent.