STATE of Missouri, Respondent,

v.

Virgil Dale AGEE, Appellant.

No. 56485.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

Motion for Rehearing or to Transfer to
Court En Banc Denied Jan. 10, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Daniel, Clampett, Ellis, Rittershouse & Dalton, Ransom A. Ellis, Jr., B. H. Clampett, Springfield, court-appointed for appellant.

SEILER, Judge.

Defendant appeals from his conviction of statutory rape, with punishment assessed by the jury at ninety-nine years, with judgment entered accordingly.

Defendant does not deny the prosecutrix, age twelve, was raped by someone. His first point is that the state's evidence was insufficient to identify him as the man. He stresses the inability of the girl to identify him and the difference between her description of her assailant and defendant's actual physical appearance. Nevertheless, there was other evidence, both direct and circumstantial, that he was the offender,[1] and the question of identifi-

---

1. For example: the girl's testimony that it was the driver of the pickup truck who did it (defendant admittedly was the driver) ; the evidence that she came running out of the woods, defendant close behind her and her first words to the officers who had heard screams and were searching, as to what defendant did to her; a moist area on defendant's undershorts, later analyzed as a seminal stain; testimony of defendant's companion about defendant walking off with the girl; the girl's testimony as to what her assailant did and said to her.

cation was, without doubt, one for the jury.

 Defendant next argues it was prejudicial for the court to give the conventional credibility of witnesses instruction along with an instruction about not considering his prior convictions as any evidence of guilt in this case, but only as affecting credibility.[2] Defendant says these instructions lead the jury to concentrate on defendant's convictions, but overlook the prior convictions of his companion, who was one of the state's important witnesses; that the instructions thus presented the jury with a double standard; that in resolving the conflict of testimony between defendant (who testified he stopped his pickup truck upon hearing screams and went into the woods to investigate, there found the prosecutrix while coming to her aid and did not assault her in any way) and his friend and companion in the truck, who was called as a witness by the state and who also had several felony convictions (and who testified that defendant upon seeing the girl standing on the bridge, stopped his truck, spoke to her, parked the truck, got out and walked off with the girl), the jury would conclude, from the two instructions, that defendant's criminal record was important, but that of his companion was not, or at least, that defendant's was of greater importance; that, also the "if any" part of No. 8 was disparaging and indicated the court doubted defendant's credibility to begin with.

We do not agree the instructions would lead a fair-minded jury to believe prior convictions were to be considered as to credibility of the defendant, but not as to the state's witnesses. No. 8 does refer specifically to defendant, but necessarily so, as it is for his specific benefit, to make sure the jury does not use the other convictions as evidence of guilt in the present case, and it is error to refuse such an instruction when offered by the defendant. State v. Coleman, (Mo.Sup. banc) 460 S.W.2d 719, 725. Had defendant asked for an instruction advising the jury of its right to consider the former convictions of any of the witnesses in determining the question of credibility, it would have been proper for the court to have given such an instruction, just as it has been held proper for the instruction to be given when requested by the state, where defendant's witnesses are the ones with the former convictions, State v. Everett, (Mo.Sup.) 448 S.W.2d 873, 877–78. Defendant made no such request, however.

 On the point that the use of "if any" in No. 8 constituted a disparagement and comment of doubt by the court as to defendant's credibility, it has twice been held otherwise, see State v. Wilkins, Mo., 100 S.W.2d 889, 896, and State v. Coleman, supra, 460 S.W.2d 1.c. 725. Nonetheless, the "if any" language is not appropriate, as there is nothing in the instruction with these words omitted which would indicate the court is ascribing either credibility or lack of credibility to the defendant. The words serve no necessary or useful purpose that we see and should not be used in such instructions in future cases.

 Defendant contends instructions No. 6 and No. 7 injected false issues into the case and were misleading and confusing. No. 6 informed the jury that if defendant had sexual intercourse with the girl and she was under the age of sixteen years ". . . then it is immaterial whether she consented to such sexual in-

---

2. No. 2, the conventional credibility of witnesses instruction, is the one which has been used time after time about the jury being "the sole judges of the credibility of the witnesses" and that the jury "may take into consideration all facts and circumstances given in evidence", etc.

No. 8, on defendant's convictions, read as follows:

"The Court instructs the jury that any evidence of prior conviction of the defendant is to be received not as any evidence of the defendant's guilt in the case on trial, but is received by the jury solely and exclusively for the purpose of affecting his credibility, if any, as a witness in this case."

tercourse or not, as such consent would be no defense to this charge". Defendant rightfully notes that consent is not an issue in a prosecution for statutory rape, Sec. 559.260, R.S.Mo.1969, V.A.M.S. The court may instruct the jury concerning the legal effect of a specific fact, State v. Worden, 331 Mo. 556, 56 S.W.2d 595, 598. The court has specifically held proper the giving of similar instructions in prosecutions for statutory rape, State v. Haun, (Mo. Sup.), 324 S.W.2d 679, 683; State v. Worden, supra; State v. Nevitt, Mo., 270 S.W. 337, 339. Instruction No. 6 was not error.

Instruction No. 7 stated: "One of the issues in this case, on which the state has the burden of proof, is whether the defendant was present at the time and place of the offense is alleged to have been committed. The defendant is not required to prove that he was elsewhere. If all the evidence or lack of evidence in this case leaves in your mind a reasonable doubt regarding the defendant's presence at the time and place the offense is alleged to have been committed then you must find him not guilty". Defendant states he admitted at trial that he was present at the scene of this crime. Thus, there was no issue concerning whether he ". . . was present at the time and place the offense is alleged to have been committed", and he argues No. 7 led the jury to believe ". . . that they should acquit if the defendant was not present, but convict, if they found that he was present"; further, that it ignored his explanation of his presence in the area.

■ The general proposition of law is that an instruction should not be given in the absence of evidence to support it, State v. Amsden, (Mo.Sup.), 299 S.W.2d 498, 503. Such an instruction tends ". . . to authorize the jury to rove in reaching their verdict", State v. Higdon, banc, 356 Mo. 1058, 204 S.W.2d 754, 755. In this case, the girl testified that she encountered the defendant at about 6:00 p. m. and that she was repeatedly raped during a period of approximately two hours. She stated that the rape occurred in the woods about three hundreds yards from the truck. In contrast, the defendant's evidence was to the effect that he did not arrive at the bridge until about 8:00 p. m. Defendant stated that he heard screams while in the immediate area of the bridge and went down by the river to investigate. By fair implication, defendant denied being at the place where the rape took place, at least at the time when it occurred. He also denied being even in the vicinity of the bridge during much of the time that the crime was committed.

The contention is without support, and is overruled. The question of whether defendant was present at the time and place of the crime was a real, not a false, issue. See State v. Bruton, 253 Mo. 361, 161 S.W. 751, 755.

■ Defendant's next point is that the prosecuting attorney made numerous "improper, inflammatory, and highly prejudicial" arguments during this summation to the jury. At trial, defendant did not object to these arguments, nor did he mention them in the motion for new trial. Defendant urges that the error be considered and appropriate relief granted pursuant to Rule 79.04, V.A.M.S., (which is inapplicable in an appeal in a criminal case, State v. Willis, (Mo.Sup.), 283 S.W.2d 534, 537), but we assume counsel meant to invoke Rule 27.20(c), under which we could consider an improper argument as plain error affecting substantive rights. We have examined what was said in argument and see no basis for relief on this ground. The arguments under attack did not, in our judgment, have the impact or carry an import sufficient to have caused impairment of defendant's substantive rights.

■ Defendant requests this court to reduce the duration of the ninety-nine year sentence pursuant to Rule 27.04. The rule provides "The court shall have the power

. . . to reduce the extent or duration of the punishment assessed by a jury, if . . . the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted". This court has considered numerous cases in which similar relief has been requested. This court has the power to reduce the extent or duration of the sentence in a case where " . . . passion and prejudice so clearly appears from the record that the appellate court can confidently say the trial court abused its discretion by declining to reduce the punishment", State v. Caffey (Mo.Sup.), 365 S.W.2d 607, 610, quoting from State v. Laster, banc, 365 Mo. 1076, 293 S.W.2d 300, 305. See also State v. Mucie (Mo.Sup.), 448 S.W.2d 879, 889 and State v. Rizor, 353 Mo. 368, 182 S.W.2d 525, 529. The more difficult question is whether this power should be exercised in this case.

There is apparently no case that has conclusively established how to demonstrate bias or passion and prejudice. In State v. Mucie, supra, this court enumerated a non-exclusive list of four factors for consideration upon a request for a reduction in the punishment assessed by the jury. Defendant has developed his supporting argument on this point by " . . . looking at what the jury did, in what kind of case, and how quickly". This approach, as we understand it, is very similar to that suggested in State v. Mucie, supra, and we will consider the argument advanced in accordance with the guidance provided by that case.

1. Was the maximum punishment assessed? Under Sec. 559.260, supra, the maximum punishment is the death penalty.

2. Was the crime brutal? The defendant cites a number of cases involving the crime of rape in order to show that these cases often involve "aggravating circumstances (use of gun, brutal beatings; other crimes)". We have reviewed the cases cited by defendant and agree that this case does not contain certain aggravating circumstances mentioned in those cases. Nevertheless, there were circumstances here that could be reasonably considered as aggravating by the jury. The defendant, a 31-year-old man with a criminal record, raped with repeated penetrations over a substantial period of time, a twelve-year-old girl. He threatened her life, struck her on the face with a rock, slapped her, and told her if she tried to leave his friend on the truck would rape her. There were elements of brutality and grossness present.

3. How much time did the jury deliberate? The jury, in this case, deliberated for fifty-eight minutes. Generally the jury determines how much time is required to reach a decision in a case, State v. Caffey, supra, 1.c. 611. We cannot state, under the facts and circumstances of this case, that fifty-eight minutes to weigh the evidence, resolve conflicting testimony, determine guilt, and agree upon punishment was evidence of bias and prejudice upon the part of the jury.

4. Did specific instances of improper prejudicial action of witnesses, court, or prosecution occur? Defendant does not specifically point out any instances of this type of conduct, other than those cited under previous points. Again, we have examined the record and have not located any such improper actions.

The test, admittedly stringent, required under this court's past interpretation of Rule 27.04 has not been met, and we decline to reduce the duration of the punishment assessed in this case.

As a final point, defendant states that the ninety-nine year sentence constitutes cruel and unusual punishment under the federal and state constitutions, arguing the severity of the sentence precludes any meaningful hope of parole. Defendant does not cite any authority for his proposition. This court has repeatedly stated that a punishment within the statutory limits for the offense is not cruel and unusual because of its duration " . . . unless

so disproportionate to the offense committed so as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances", State v. Brownridge, (Mo.Sup.) 353 S.W.2d 715, 718; 459 S.W.2d 317, which cannot be said to be the case here.

Judgment affirmed.

All of the Judges concur.